IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HARRY WILEY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                Case No: 2:25-cv-00227

ROBERT F. KENNEDY, JR., in his official
Capacity as Secretary of Health and Human
Services, and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S DEMAND FOR A JURY TRIAL**

**I. INTRODUCTION**

Plaintiff has asserted a demand for a jury trial in the Amended Complaint. (ECF No. 10 at 14.) However, the Amended Complaint does not cite to a single statute which indicates that Congress has authorized a jury trial for any of the claims asserted in the Amended Complaint. Under federal law, sovereign immunity bars jury trials against the United States and its officers acting in their official capacity unless Congress has waived sovereign immunity and expressly allowed right to a jury trial. Since Congress has not waived the sovereign immunity of the United States to allow a right to a jury trial for the claims asserted in the Amended Complaint, Plaintiff's demand for a jury trial should be dismissed.

**II. PLAINTIFF'S DEMAND FOR A JURY TRIAL SHOULD BE DISMISSED
BECAUSE CONGRESS HAS NOT WAIVED THE SOVEREIGN IMMUNITY
OF THE UNITED STATES TO ALLOW A RIGHT TO A JURY TRIAL FOR
THE CLAIMS ASSERTED IN THE AMENDED COMPLAINT**

"The United States, as sovereign, is immune from suit save as it consents to be sued."

*United States v. Sherwood*, 312 U.S. 584, 586 (1941). Accordingly, "sovereign immunity precludes demands for jury trials on claims against the federal government unless Congress has clearly waived that immunity and expressly granted a right to a jury trial." *Haynie v. Veneman*, 272 F. Supp. 2d 10, 20 (D.D.C. 2003) (citing *Lehman v. Nakshian*, 453 U.S. 156, 164–65 & n.13 (1981)). In other words, "if Congress waives the Government's immunity from suit . . . the plaintiff has a right to a trial by jury only where that right is one of the terms of the Government's consent to be sued." *Lehman*, 453 U.S. at 160.

The only potential waiver of sovereign immunity asserted in the Amended Complaint is the Administrative Procedure Act ("APA"). While Congress consented to suit against the government in certain circumstances under the APA, there is nothing in the text of the APA grants a right to a jury trial. Courts have been clear that the limited waiver of sovereign immunity in the APA does not include a waiver of sovereign immunity to allow a jury trial under the APA. *See, e.g.*, *Miccosukee Tribe of Indians v. United States*, No. 08-23001, 2010 WL 11505844, at *2 (S.D. Fla. May 4, 2010) ("Congress did not . . . clearly and unequivocally establish a right to a jury trial for claims brought under § 702. Indeed, § 702, and the APA as a whole, are devoid of any language establishing the right to a jury trial."). Applying these principles, courts have uniformly stricken jury demands from APA cases. *See, e.g.*, *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009) (noting that the APA does not "provide a right to a trial by jury"); *Pellicano v. OPM*, No. 3:17-cv-00698, 2019 WL 7610510, at *1 (M.D. Pa. May 10, 2019) ("[I]t is well settled that a jury trial is not available in an action for judicial review . . . [under] the Administrative Procedures Act (APA)."); *City of Dania Beach v. U.S. Army Corps of Eng'rs*, No. 12-60989, 2012 WL 12864329, at *2 (S.D. Fla. Sept. 25, 2012) (collecting cases).

Moreover, the Seventh Amendment is irrelevant to the jury trial question because "[i]t has

long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman*, 453 U.S. at 160 (relying on common law principles). Even if the Seventh Amendment were not categorically inapplicable, it would not support a jury trial in an APA case because the amendment "protects a litigant's right to a jury trial only if a cause of action . . . involves a matter of 'private right.'" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989). APA claims *a priori* involve public rights, because they involve government action, as opposed to activities between private parties. When Congress creates public rights, administrative adjudication of those rights does not necessarily create a right to jury trial. *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 455 (1977) ("Congress is not required by the Seventh Amendment to choke the already crowded federal courts with new types of litigation[.]"). *See also Tull v. United States*, 481 U.S. 412, 418 n.4 (1987) (noting the "Seventh Amendment is not applicable to administrative proceedings").

Plaintiff has not cited to any statute which demonstrates that Congress has waived the sovereign immunity of the United States and expressly granted a right to a jury trial for any of the claims asserted in the Amended Complaint. Therefore, Plaintiff's jury trial demand is barred by the sovereign immunity of the United States.

### III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Plaintiff's demand for a jury trial asserted in the Amended Complaint be denied and dismissed.

Respectfully submitted,

**LISA G. JOHNSTON**
**Acting United States Attorney**

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia Street East, Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HARRY WILEY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                              Case No: 2:25-cv-00227

ROBERT F. KENNEDY, JR., in his official
Capacity as Secretary of Health and Human
Services, and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2025, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S DEMAND FOR A JURY TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Samuel B. Petsonk
PETSONK PLLC
PO Box 1045
Beckley, WV 25802

Bren J. Pomponio
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, West Virginia 25301

J. Michael Becher
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901

Counsel For Plaintiff

                                                          **s/ Fred B. Westfall, Jr.**
                                                          Assistant United States Attorney