**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

HARRY WILEY, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                    Case No: 2:25-cv-00227

ROBERT F. KENNEDY, JR., in his official
Capacity as Secretary of Health and Human
Services, and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

      Defendants.

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO QUASH SUBPOENA DUCES
TECUM ISSUED FOR DAVID WEISSMAN, M.D.**

**I. FACTUAL BACKGROUND**

Plaintiff's counsel issued a subpoena duces tecum dated April 23, 3025, for David

Weissman, M.D. ("Dr. Weissman"), who is employed as Director of the Respiratory Health

Division of the National Institute for Occupational Safety and Health ("NIOSH"), a subagency of

the United States Department of Health and Human Services. Under the terms of that subpoena

duces tecum, Dr. Weissman was commanded to bring the following documents to the preliminary

judgment hearing scheduled for May 7, 2025:

> Instructions, correspondence, and any written messages from your superiors
> regarding the custody of miners' medical information at NIOSH, and the future
> operations of a) the Coal Workers' Health Surveillanc [sic] Program and b) the
> medical review conducted by NIOSH regarding job transfers under 30 CFR Part 90
> an [sic] 42 CFR Part 37.

*See* Exhibit 1 attached to the Motion To Quash.[1]

The subpoena duces tecum was not served on or delivered to Dr. Weissman in accordance with Fed. R. Civ. P. 45(b). Rather, the subpoena duces tecum was received by Noemi Hall. Dr. Weissman was subsequently made aware of the existence of the subpoena by Ms. Hall. Furthermore, Plaintiff's counsel did not serve Defendants with a notice and copy of the subpoena required by Fed. R. Civ. P. 45(a)(4) before service was attempted on Dr. Weissman.

The subpoena duces tecum required production of the documents described therein on May 7, 2025, which was less than 30 days after the attempted service. Since this subpoena duces tecum further failed to comply with Rules 26(d)(2) and 34 of the Federal Rules of Civil Procedure, it should be quashed.

## II. THE SUBPOENA DUCES TECUM MUST BE QUASHED BECAUSE IT WAS NOT PROPERLY SERVED

Federal Rule of Civil Procedure 45 requires that subpoenas must be served on the person named in the subpoena: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Here, the subpoena duces tecum was given to Noemi Hall, not Dr. Weissman, and the subpoena duces tecum was not accompanied by the fees for attendance and mileage as required by Fed. R. Civ. P. 45(b)(1). Accordingly, the subpoena duces tecum must be quashed for failing to meet the requirements of Fed. R. Civ. P. 45(b)(1). *See Mountains of Spices LLC v. Lafrenz*, No. CV-21-01497-PHX-JAT, 2021 WL 5961643, at *1 (D. Ariz. Dec. 16, 2021) ("Before counsel uses this [c]ourt's subpoena power to

---

[1] Dr. Weissman received a subpoena from Plaintiff's counsel on May 1, 2025, by certified mail issued for Anthony Scott Laney. The envelope was addressed to Dr. Weissman but did not contain a subpoena duces tecum issued for him. *See* Exhibit 2 attached to the Motion To Quash.

compel someone to respond in Federal Court, the [c]ourt deems it to be counsel's duty to make

sure counsel is serving the right person."); *see also In re Dennis*, 330 F.3d 696, 705 (5th Cir.

2003) (finding subpoena was properly quashed, stating: "Thus, a court does not abuse its

discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance

whatsoever with the subpoena." (footnote omitted)); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir.

1989) ("Fees must be tendered ***concurrently*** with the subpoena." (emphasis added)); *CF & I*

*Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983) ("Therefore, we hold

the plain meaning of Rule 45(c) requires ***simultaneous*** tendering of witness fees and the

reasonably estimated mileage allowed by law with service of a subpoena." (emphasis added));

Wright & Miller, *Federal Practice and Procedure* § 2454 (2025) ("Failure to tender the

appropriate sums at the time the subpoena is served ***invalidates*** the subpoena." (emphasis added)

(footnote omitted)). Since the subpoena issued by Plaintiff's counsel for Dr. Weissman was not

served on Dr. Weismann nor accompanied by the appropriate fees and mileage, it should be

quashed.

### III. THE SUBPOENA MUST BE QUASHED BECAUSE IT WAS AN IMPROPER ATTEMPT TO CIRCUMVENT FED. R. CIV. P. 34

The subpoena duces tecum was issued for Dr. Weissman on April 23, 2025, with a return

date of May 7, 2025. This subpoena duces tecum is clearly an attempt to require Defendants to

produce documents by requiring their employee, Dr. Weissman, to produce documents of

Defendants, in less than 30 days. *See* Exhibit 1 attached to Motion To Quash. Rule 34 requires

that a party be given 30 days to respond to a request to produce documents. In addition, a request

for production cannot be served any earlier than 21 days after service of the complaint, and then

the time to respond to the request for production does not begin to run until the conference

required by Fed. R. Civ. P. 26(f) has been held, which has not occurred in this case. *See* Fed. R. Civ. P. 26(d), 34(b).

"A majority of jurisdictions has held that a subpoena issued under Fed. R. Civ. P. 45, seeking pretrial production of documents, constitutes a discovery device." *Zeng v. Marshall Univ.*, No. 3:17-cv-03008, 2019 WL 164813, at *3 (S.D. W. Va. Jan. 10, 2019). As a result, pretrial subpoenas duces tecum are subject to the constraints of the discovery rules under the Federal Rules of Civil Procedure, including the time constraints imposed by Fed. R. Civ. P. 34 for requests for production. *Id.* at *4. Thus, subpoenas under Fed. R. Civ. P. 45 served on parties cannot be used to circumvent the requirements and protections of Fed. R. Civ. P. 34:

> "Rule 34 provides the procedure by which a party may obtain documents from another party ... '[t]he leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party.' " *See, Layman v. Junior Players Golf Academy, Inc.*, 314 F.R.D. 379, 385 (D. S.C. 2016) (internal citations omitted); *Neel v. Mid-Atlantic of Fairfield, LLC*, 778 F.Supp.2d 593 (D. Md. 2012*); Suntrust Mortg., Inc. v. Busby*, 651 F.Supp.2d 472 (W.D.N.C. 2009). "Put another way, 'it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.' " *Neel v. Mid-Atlantic of Fairfield, LLC*, 2012 WL 98558, *1 (D. Md. 2012) (quoting *McLean v. Prudential Steamship Co., Inc.*, 36 F.R.D. 421, 425 (E.D. Va. 1965) (discussing older version of the relevant federal rules) ).

*A.E. v. Neld*, No. 3:17-cv-01885, 2018 WL 6182692, at *2  (S.D. W. Va. Nov. 27, 2018).

In this case, Plaintiff issued a subpoena duces tecum on April 23, 2025, which required documents to be produced on May 7, 2025. The subpoena clearly violated Fed. R. Civ. P. 34 because it required the documents to be produced in less than 30 days on its face, and, even if it had been served properly, would not have allowed Defendants 30 days to respond to the request for production of documents in clear violation of Fed. R. Civ. P. 34. It also was served prior to any Rule 26(f) conference held by the parties. Accordingly, the subpoena duces tecum should be quashed since it was not properly served and did not allow the Defendants 30 days in which to

respond to the request for production of the documents described in the subpoena duces tecum.

*Cf. A.E. v. Neld*, 2018 WL 6182692, at *3.

**IV. THE SUBPOENA ALSO MUST BE QUASHED BECAUSE PLAINTIFF FAILED TO SERVE THE NOTICE REQUIRED BY FED. R. CIV. P. 45(a)(4)**

Rule 45(a)(4) requires the party issuing a subpoena duces tecum to serve a notice on the

parties before the subpoena duces tecum is served on the person to whom it is directed:

> (4) Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4).

The courts have held that service of the notice required by Fed. R. Civ. P. 45(a)(4) must

be given prior to the service of the subpoena. *See Butler v. Biocore Med. Techs., Inc.*, 348 F.3d

1163, 1173 (10th Cir. 2003) (noting failure to serve the notice prior to service of the subpoena

duces tecum is a violation of Fed. R. Civ. P. 45). The remedy for the failure to provide this

required notice is to "simply quash the subpoena." *Ciancia v. Mission Hosps., Inc.*, No.

1:05cv88, 2006 WL 8455905, at *2 (W.D.N.C. July 25, 2006) ("In any event, the cases that this

court has found all provide that the proper remedy where Rule 45(b)(1) is not complied with is to

simply quash the subpoenas.") (collecting cases and discussing the predecessor to Fed. R. Civ. P.

45(a)(4)).

Plaintiff did not serve the notice required by Fed. R. Civ. P. 45(a)(4). This failure

improperly curtailed Defendants' ability to be able to properly object to the production of the

documents being requested, particularly because the subpoena duces tecum was served on the

wrong person, improperly attempts to circumvent Rule 34, and requests potentially privileged

information. Therefore, the subpoena duces tecum should also be quashed for failure to provide the notice required by Fed. R. Civ. P. 45(a)(4).

## V. THE DOCUMENTS REQUESTED BY THE SUBPOENA DUCES TECUM ARE POTENTIALLY PROTECTED FROM DISCLOSURE BY THE DELIBERATIVE PROCESS PRIVILEGE, THE ATTORNEY-CLIENT PRIVILEGE, AND OTHER GOVERNMENTAL PRIVILEGES, AND THE SHORT PERIOD OF TIME TO BE ABLE TO RESPOND TO THE SUBPOENA DUCES TECUM VIOLATES FED.R.CIV.P. 45(d)(3)(A)

The documents requested by the subpoena duces tecum could easily encompass information protected by the deliberative process privilege. The Department of Health and Human Services is currently developing a plan which would transfer various functions of NIOSH to other subagencies. The documents requested by the subpoena duces tecum as described implicate communications involved in the pre-decisional process that could lead to a final reorganizational plan. These types of communications are protected from disclosure by the deliberative process privilege. *See N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51 (1975); *United States v. Nixon*, 418 U.S. 683, 708 (1974); *EPA v. Mink*, 410 U.S. 73, 87 (1973).

The request in the subpoena duces tecum could also be sufficiently broad to include communications between Dr. Weissman and counsel for the Government, which would be protected by the attorney-client privilege. The Supreme Court has made it clear that communications between Government officers and employees and Government counsel are protected by the attorney-client privilege. *See, e.g.*, *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011) ("Unless applicable law provides otherwise, the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys."); *Sears, Roebuck & Co.*, 421 U.S. at 154–55 (noting attorney-client privilege and attorney work product privilege apply to governmental communications).

6

Due to the problems with improper service and the lack of time to fully address the request for production of documents contained in the subpoena duces tecum, Defendants do not have sufficient time to perform a proper privilege analysis of the documents that might be encompassed by the request. Thus, the subpoena duces tecum should also be quashed under Fed.R.Civ.P. 45(d)(3)(A) because Plaintiff did not allow the Defendants a reasonable time to respond and potentially review documents for these privileges and comply with the subpoena. Not only was service improper, but the Defendants have had virtually no time to respond even after becoming aware of the subpoena duces tecum on May 5, 2025. A period of just two days is not sufficient to be able to respond. *See A.E. v. Neld*, 2018 WL 6182692, at *1 ("The subpoena provides an unreasonable time to comply – 11 calendar days, only 6 of which were actual business days."). Accordingly, Defendants also believe that the Court should quash the subpoena duces tecum on this basis as well.

## VI. CONCLUSION

For the foregoing reasons, the subpoena duces tecum issued for Dr. Weissman should be quashed. Defendants also request such other and further relief as deemed appropriate by the Court.

**LISA G. JOHNSTON**
**Acting United States Attorney**

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia Street East, Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2025, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED FOR DAVID WEISSMAN, M.D.,** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Samuel B. Petsonk
PETSONK PLLC
P.O. Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, WV 25301
304-344-3144
Fax: 304-344-3145
Email: bren@msjlaw.org

J. Michael Becher (W.Va. Bar # 10588)
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia Street East, Room 4000
Charleston, WV 25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

9