IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


HARRY WILEY, individually
and on behalf of all others similarly situated,
Plaintiff,


v.                                                                Civil Action No. 2:25-cv-227


ROBERT F. KENNEDY, JR., in his
official capacity as Secretary of Health
and Human Services, and
US DEPARTMENT OF HEALTH AND
HUMAN SERVICES

Defendants.


**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff respectfully seeks

leave to file the proposed Second Amended Complaint attached to his motion. The Second

Amended Complaint presents no new causes of action and does not expand the matter beyond

the scope of the transactions described in the existing complaint—i.e. the Defendants' cessation

of their mandatory duties regarding coal miners' respiratory health under the Mine Act. The

Second Amended Complaint is congruent with the scope of the preliminary injunction which

directed "that there be no pause, stoppage or gap in the protections and services mandated by

Congress in the Mine Act and the attendant regulations for the health and safety of miners."

(ECF # 36 at 30). The proposed amendment names an additional Plaintiff and proposed class

representative, modifies the original class definition to simplify the ascertainment of the

membership, and contains a more fulsome description of Defendants' mandatory duties to coal

1

miners alleged to be violated under the Administrative Procedure Act. The proposed Second

Amended Complaint also drops the Plaintiff's request for a jury trial and eliminates the third

cause of action for violations of procedural due process.

The deadline for amending pleadings has not passed, and as explained below, the

amendment will not cause delay or require amendment to the scheduling order; it is not made in

bad faith, causes no undue prejudice, and is not futile. For these reasons, Plaintiff requests that

the Court grant the motion.

## I.      Argument

The original proposed class was, "all coal miners who show evidence of the development of

pneumoconiosis, and thus are seeking eligibility as Part 90 miners or who are entitled to seek a

job transfer under Part 90."  Upon review, the original proposed class was too narrow to

encompass all miners whose rights are impaired by Defendants' failures, for example, the miners

who seek access to Defendants' mobile health screening program. These miners might not have

evidence of pneumoconiosis yet, but they have the right as miners to access the screenings by

NIOSH under the Mine Act so they can ascertain whether they have the right to transfer under

Part 90.  Accordingly, the Second Amended Complaint proposes a simplified class of "all coal

miners who are or have been employed at mines within the jurisdiction of the Mine Act, 30

U.S.C. 801 et seq."  This class encompasses the whole population whose rights are impaired by

Defendants' actions, and to whom notice would be due if this Court were to impose remedies of

restoring access to the Defendants' health screening services to which all miners are entitled

under the Mine Act. Under the original definition, it would be complicated to identify the

original class members without violating medical confidentiality or other statutorily protected

privacy interests.  The new proposed class definition reflects a population to which the

Defendants are routinely accustomed to delivering notice through a variety of means as they carry out their health screening and surveillance programs, in partnership with the U.S. Department of Labor. So, the method of ascertaining and communicating with the new proposed class will be much simpler and more efficient for the Court and parties.

The Second Amended Complaint also specifies a few additional mandatory duties under the Mine Act that Defendants are required to perform as ancillary but necessary independent elements of monitoring and controlling miners' exposure to respirable dust in coal mines. *See* Paragraphs 44-47. These include specifically the duties to identify toxic effects of substance found in mines in response to the request for such information by any mine operator or authorized representative of miners, 30 U.S.C. § 951(a)(11), to review and approve devices for the sampling of respirable dust in coal mines, 30 U.S.C. § 842, and to perform specified research functions in support of respirable dust control and disease prevention. These duties offer important protection for miners and are a critical part of the Mine Safety and Health Act.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party," but "leave shall be freely given when justice so requires." Although the amending party must seek leave of the court, "the federal rules strongly favor granting leave to amend." *Midigen of Ky. Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)). The liberal nature of this rule gives effect to the federal policy in favor of

3

resolving cases on their merits, rather than disposing of them on technicalities. *See Ostrzzenski v. Seigel*, 177 F3d 245, 252–53 (4th Cir. 1999).

Granting Plaintiff's leave to amend in this action would not delay the case, is not a product of bad faith, would not cause undue prejudice to the Defendants, and is not future.

A.    Granting Leave to Amend Would Not Cause Undue Delay

Discovery in this case has just begun and the trial date is still approximately seven months away. More importantly, the Second Amended Complaint does not significantly change the factual bases of this action and streamlines the causes of action by eliminating Plaintiff's claims for violation of procedural due process. The case still focuses on the actions of the Defendants in cutting services provided by the National Institute for Occupational Safety and Health in support of its Respiratory Health Division. While the class definition has been expanded and Plaintiff has identified additional mandatory duties, which he alleges the Defendants have violated, the action will still focus on the same factual nexus and the same basic legal theories. Finally, even if the requested amendment would cause some minor delay, "the Fourth Circuit has held, as have a number of other circuits, that delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). As explained in the following sections, none of those elements is present. And, perhaps most importantly, the proposed amendment is timely under the scheduling order and requires no change to the schedule.

B.    Plaintiff's Request for Leave to Amend is Made in Good Faith

Plaintiff's motion for leave to amend was made in good faith, and there is no "bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies to

amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has

previously amended the complaint only once, as a matter of right at the very outset of these

proceedings, before any responsive pleading had been filed, and thus has not engaged in repeated

attempts to cure deficiencies in the pleadings. Plaintiff has not sat on his hands and filed this

motion for leave to amend within the deadlines set in the Court's Scheduling Order. During the

pendency of this matter Plaintiff has worked diligently, not only on the proposed amendment, but

to obtain a preliminary injunction, respond to motions to dismiss, and to obtain the right to

engage in discovery. Plaintiff has worked to progress this case in a timely manner and the leave

to amend is made to streamline the causes of action, more fully describe the scope of duties

allegedly violated by the Defendants and in support of an anticipated motion for class

certification. It is made in good faith.

    C.  <u>There Is No Undue Prejudice to the Opposing Party</u>

    "[T]he further the case progressed before judgment was entered, the more likely it is that

the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's

part." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Although prejudice can result where a

new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the

part of the opposing party, this "basis for a finding of prejudice essentially applies where the

amendment is offered shortly before or during trial." *Scott v. Fam. Dollar Stores, Inc.*, 733, F.3d

105, 118–19 (4th Cir. 2013) (quoting *Johnson,* 785 F.2d at 510). This case is at its early stages

and prejudice to the Defendant would be minimal, if any.

    While the proposed Second Amended Complaint does expand the class definition to

encompass additional coal miners, the Court has already recognized the general responsibility of

the Defendants to provide the mobile health screenings to all such miners, and to ensure that the

working conditions of all coal miners are sufficiently free of respirable dust. (ECF No. 36 at 10).

The expanded class more accurately and fully encompasses those affected by the failures of the

Defendants to comply with their mandatory statutory duties. While Second Amended Complaint

seeks to add an additional Plaintiff, Matthew Ward, Mr. Ward is similarly situated with Mr. Wiley

and would himself be part of the original proposed class. If the Court denies Plaintiff's request to

expand the class, Plaintiffs would be required to file a separate action on behalf of coal miners

exposed to respirable dust then seek consolidation of the actions for common questions of law

and fact.  Moreover, Plaintiffs would be required to file a separate but similar action on behalf of

Mr. Ward. *See Parks v. Fowler*, No. 3:17-CV-00670, 2019 WL 8584639, at *1 (W.D.N.C. Apr.

16, 2019) ("[I]f the Court denied the amendment, Plaintiffs would be required to file a separate

lawsuit and seek consolidation of the actions. . . . Judicial economy and the interests of justice

require the Court, in this instance, to allow all claims to be brought under one complaint: the

Second Amended Complaint. . . . This approach prevents duplicative analysis and allows for the

efficient administration of the matter.") Judicial economy is better served by allowing Plaintiff

leave to file his Second Amended Complaint rather than filing separate but very closely related

actions.

      D.  <u>The Amendment Would Not Be Futile</u>

      "Leave to amend . . . should only be denied on the ground of futility when the proposed

amendment is clearly insufficient or frivolous on its face." *Johnson,* 785 F.2d at 510. "Futility is

apparent if the proposed amended complaint fails to state a claim under the applicable rules and

accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

"If a proposed amendment sets forth facts and circumstances which may entitle a plaintiff to relief,

then futility is not a proper basis on which to deny the amendment." *Smithfield Foods Inc. v. United*

*Food & Com. Workers Int'l Union*, 254 F.R.D. 274, 280 (E.D. Va. 2008). "Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis." *Id.*

Plaintiff's amendment is not futile. It asserts claims for relief on behalf of a specific coal miner subject to the same general factual and legal circumstances as the current Plaintiff, Mr. Wiley, and seeks to expand the class to encompass those affected by the Defendant's failure to satisfy their statutory obligations to the Plaintiffs and putative class. Because the class claims are rooted in violations of mandatory duties imposed by Congress upon the Defendants and because they result from the same factual basis upon which the Court already found Plaintiff likely to succeed, the proposed amendment is not futile.

**Conclusion**

For the reasons explained above, Plaintiff requests that he be granted leave to file the Second Amended Complaint attached as Exhibit A to his Motion for Leave to File Second Amended Complaint.

Respectfully Submitted,
**HARRY WILEY, individually and on behalf of all others similarly situated, By counsel:**

<u>/s/ J. Michael Becher</u>
J. Michael Becher (W. Va. Bar # 10588)
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org

Bren J. Pomponio (WVSB #7774)
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, West Virginia 25301
(304) 344-5565

(304) 344-3145 (fax)
bren@msjlaw.com

Samuel B. Petsonk (WVSB #12-418)
PETSONK PLLC
PO Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

HARRY WILEY, individually
and on behalf of all others similarly situated,
Plaintiff,

v.                                                                Civil Action No. 2:25-cv-227

ROBERT F. KENNEDY, JR., in his
official capacity as Secretary of Health
and Human Services, and
US DEPARTMENT OF HEALTH AND
HUMAN SERVICES

Defendants.

**<u>CERTIFICATE OF SERVICE</u>**

I, J. Michael Becher, hereby certify that on July 9, 2025, I served the foregoing

Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended Complaint

through the Court's CM/ECF System, which will provide service and notification to the

following:

Fred B. Westfall , Jr.
UNITED STATES ATTORNEY'S OFFICE
Suite 4000
300 Virginia Street East
Charleston, WV 25301
304/345-2200
fred.westfall@usdoj.gov

                                                                */s/ J. Michael Becher*
                                                                J. Michael Becher