IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARRY WILEY, *individually and on behalf of all others similarly situated*,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:25-cv-00227

ROBERT F. KENNEDY JR., *in his official capacity as Secretary of Health and Human Services*, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 47), the attached *Second Amended Complaint* (Document 47-1), the *Plaintiff's Memorandum in Support of Motion for Leave to File Second Amended Complaint* (Document 48), the Defendants' *Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 52), the Defendants' *Motion to Seal Attachments A and B to Exhibit 1 to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 53) (sealed), and the *Plaintiff's Reply in Support of Motion for Leave to File Second Amended Complaint* (Document 54).

The Plaintiff seeks to amend the complaint to add an additional Plaintiff and proposed class representative, simplify the class definition, and more fully describe the mandatory duties to coal miners that the Defendants are alleged to have violated.   The original proposed class included "all

coal miners who show evidence of the development of pneumoconiosis and thus are seeking eligibility as Part 90 miners or who are entitled to seek a job transfer under Part 90." (Document 48 at 2.) The Plaintiffs now seek to include miners who do not yet have evidence of pneumoconiosis but are entitled to screening. The Second Amended Complaint therefore defines the class as "all coal miners who are or have been employed at mines within the jurisdiction of the Mine Act, 30 U.S.C. 801 et seq." (*Id.*) The Plaintiffs note that the Defendants, as well as the U.S. Department of Labor, already have methods of communicating with the membership of the proposed class. They contend that the proposed amendment would not cause delay, is made in good faith, is not prejudicial to the Defendants, and would not be futile.

The Defendants oppose the motion to amend. They argue that the Plaintiff lacked standing at the outset of the case and continues to lack standing, and the proposed second named Plaintiff likewise lacks standing. They further argue that the Plaintiff's claims are now moot because the Coal Workers' Health Surveillance Program (CWHSP) "has provided Plaintiff with all services to which he is entitled." (Document 52 at 4.) They assert that "the proposed second plaintiff also has no injury in fact for this Court to remedy," as the CWHSP has evaluated his medical records and reached a determination regarding his eligibility for a job transfer under Part 90. The Defendants contend that neither proposed Plaintiff can serve as class representatives, given their lack of standing.

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages Courts to freely grant motions for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."

2

*Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

The Plaintiff's motion to amend was timely filed within the deadline established in the *Scheduling Order* (Document 46) for filing amended pleadings. The Defendants do not assert that the amendment would be prejudicial or that the Plaintiffs have acted in bad faith. The Court finds that the proposed amendment is not futile. In addressing the motion for a preliminary injunction in this matter, the Court found that the Plaintiff had established a likelihood of success on the merits, including standing. The proposed amendment does not alter that conclusion. The Court's finding regarding futility herein is not intended to be a substitute for review of a motion to dismiss, which the Court notes the Defendant filed on August 6, 2025.[1]

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 47) be **GRANTED**, and that the attached *Second Amended Complaint* (Document 47-1) be **FILED**. The Court further **ORDERS** that the Defendants' *Motion to Seal Attachments A and B to Exhibit 1 to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 53)

---

1 While a proposed amended complaint that fails to state a claim under Rule 12(b)(6) or otherwise does not comply with the Federal Rules of Civil Procedure can be rejected as futile, *see, e.g.*, *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008), the Court finds that judicial economy and fairness to the parties will be better served in this case by saving a full analysis of any defenses for a fully briefed motion to dismiss, given that the Court has not yet addressed a motion to dismiss.

(sealed) be **GRANTED**, finding that the Plaintiffs' privacy interest in the medical records contained therein substantially outweighs any public interest in those documents.

In light of the filing of the second amended complaint, the Court **ORDERS** that the following motions related to the amended complaint, which is no longer the active pleading in this matter, be **TERMINATED AS MOOT**:   the *Defendants' Motion to Dismiss* (Document 14), the *Defendants' Motion to Dismiss Plaintiff's Demand for a Jury Trial* (Document 17), the *Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss* (Document 42), and the *Defendants' Motion to Allow Reply in Support of Defendants' Motion to Dismiss (ECF No. 41) to Be Filed Out of Time and Defendants' Response to Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss (ECF No. 42)* (Document 43).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   August 14, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA