**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

HARRY WILEY and
MATTHEW WARD, individually and on
behalf of all others similarly situated,

Plaintiffs,

v. Case No: 2:25-cv-00227

ROBERT F. KENNEDY, JR., in his official
Capacity as Secretary of Health and Human
Services, and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

Defendants.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and applicable federal law, Defendants, by and through undersigned counsel, move for a protective order with respect to Plaintiff Wiley's Interrogatories, Requests for Production, and Requests for Admissions, (ECF No. 57).[1]

## INTRODUCTION

A protective order related to Plaintiff Wiley's written discovery requests is necessary for several independent reasons. First, the only causes of action asserted in the Second Amended Complaint, which was filed less than one month ago, are brought under the Administrative Procedure Act ("APA"). (*See* ECF No. 59 ¶ 6 ("This action arises under the Administrative

[1]Pursuant to Local Rule of Civil Procedure 37.1(b), undersigned counsel made a good faith effort to confer with Plaintiffs' counsel to resolve this discovery issue or at least narrow the areas of disagreement to the greatest possible extent before requesting the Court's intervention. Counsel for the parties had several phone calls to discuss the pending discovery requests and the general appropriateness of discovery in this case. At the conclusion of the final discussion on Thursday, September 11, 2025, the parties were unable to resolve their differences.

Procedure Act, 5 U.S.C. §§ 702, 706 . . . .").)[2] Generally, discovery is not permitted in APA actions an exception applies. However, no exception applies here to allow Plaintiffs to seek discovery. Further, Defendants filed a motion to dismiss this entire action based on, among other grounds, Plaintiffs' lack of standing. Because Plaintiffs lack standing to pursue this case, the Court lacks subject matter jurisdiction over it. Without subject matter jurisdiction, no discovery is warranted, particularly in light of the fact that the discovery Plaintiffs currently seek is wholly unrelated to the jurisdictional issues raised by Defendants in their pending motion. Third, the Court recently reset the procedural posture of this case by granting Plaintiff Wiley's request for leave to amend his complaint and ordering the filing of the Second Amended Complaint. The Second Amended Complaint has been filed, and Defendants have responded by filing their motion to dismiss. Nothing further has occurred. Even if Federal Rule of Civil Procedure 26 were to apply to this APA action, the parties have not conducted a Rule 26(f) meeting with regard to the newly operative complaint naming a new plaintiff, redefining the putative class, and expanding the factual allegations, and, therefore, written discovery would be premature. Finally, not only is the pending discovery unrelated to the jurisdictional challenges made by Defendants, but much of it also is not relevant nor proportional to the needs of this case generally. As such, the irrelevant and disproportionate discovery sought is not permissible under Federal Rule of Civil Procedure 26(b)(1).

**PROCEDURAL HISTORY**

Relevant here, Plaintiff Wiley filed a Motion for Leave to File Second Amended Complaint on July 9, 2025. (ECF No. 47.) Although Defendants opposed that motion based on the lack of

---

[2] Although the Second Amended Complaint asserts that this action also arises under the Fifth Amendment to the U.S. Constitution, (ECF No. 59 ¶ 6), there is no cause of action in the Second Amended Complaint alleging that Defendants violated the Fifth Amendment, (*see id.* ¶¶ 51-67).

standing and futility, (ECF No. 52), the Court granted the motion on August 14, 2025, (ECF No. 58). The day before the Court's ruling, however, on August 13, 2025, Plaintiff Wiley propounded a set of written discovery requests on Defendants. (*See* ECF No. 57.) Since the Second Amended Complaint's filing, (ECF No. 59), Defendants filed a motion to dismiss that pleading, (ECF No. 63). No further activity has occurred, and the Memorandum Opinion and Order of August 14, 2025, effectively reset this entire case. (*See* ECF No. 58 at 3 n.1 (noting that "economy and fairness to the parties will be better served in this case by saving a full analysis of any defenses for a fully briefed motion to dismiss, given that the Court has not yet addressed a motion to dismiss"); ECF No. 58 at 4 (terminating as moot four motions related to Plaintiff Wiley's obsolete Amended Complaint); ECF No. 62 (withdrawing previously filed dispositive motion based on the Amended Complaint).)

## DISCUSSION

### A. Written discovery is inappropriate because this case is governed by the Administrative Procedure Act.

The text of the APA provides that a court evaluates agency action by "review[ing] the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Although that provision is silent as to whether a court may look beyond the record to review an agency's decision, "[u]nder long-standing precedent . . . judicial review is ordinarily confined to the administrative record." *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 11 (D.D.C. 2001) (citations omitted) (internal quotation marks omitted). *See also, e.g.*, *Int'l Junior Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F. Supp. 2d 202, 204–06 (D.P.R. 2012) (holding that plaintiffs' argument that the administrative record did not fully explain the agency's reasoning with regard to the challenged actions did not entitle plaintiffs to engage in fact-finding because "the narrowness of the APA action for judicial review weighs heavily against discovery"). In other words, "claims brought under the APA are

adjudicated without . . . discovery, on the basis of an existing administrative record[.]" *Mayor & City Council of Balt. v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019) (alteration in original) (citation omitted) (internal quotation marks omitted). *See also Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" (citation omitted)); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam) (emphasizing "the focal point for judicial review" under the APA "should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Mountain State Univ., Inc. v. Higher Learning Comm'n*, No. 5:14–16682, 2015 WL 5786803, at *3 (S.D. W. Va. Sept. 30, 2015); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 8–9 (D.R.I. 2004).

Like most rules, the prohibition of discovery in APA cases is not unbounded. Courts within the Fourth Circuit have recognized that they may "permit parties to seek discovery in APA claims where the plaintiffs contend the record was incomplete or where they seek to demonstrate bad faith, bias, or improper behavior on the part of the agency." *Kravitz v. U.S. Dep't of Com.*, 336 F. Supp. 3d 545, 570 (D. Md. 2018) (cleaned up) (citations omitted). But "[i]n order to obtain *even* '*limited discovery*,' a party must make 'a *significant showing*—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record.'" *Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (emphasis added) (quoting *Air Transp. Ass'n of Am. v. Nat'l Mediation Md.*, 663 F.3d 476, 487–88 (D.C. Cir. 2011)). *See also Mountain State Univ., Inc.*, 2015 WL 5786803, at *3; *Mayor & City Council of Balt.*, 429 F. Supp. 3d at 138 (noting that "mere allegations of bad faith are inadequate to overcome the presumption of regularity accorded to

agency action"). "This is no small hurdle." *Ali v. Pompeo*, No. 16-CV-3691-KAM-SJB, 2018 WL 2058152, at *5 (E.D.N.Y. 2018).

Here, the administrative record has not been produced and its production in this case would be inappropriate because this Court lacks subject matter jurisdiction over the asserted claims due to a lack of standing and other reasons, (*see generally* ECF No. 66). Therefore, Plaintiffs clearly cannot make the "significant showing" required without any knowledge as to what is included in the administrative record. *See Chiayu Chang*, 254 F. Supp. 3d at 161; *see also Rosati v. Mayorkas*, 691 F. Supp. 2d 597, 602 (N.D.N.Y. 2023) ("[A] party may seek extra-record evidence, *i.e.*, evidence that was not necessarily considered by the agency, where there has been a strong showing in support of a claim of bad faith or improper behavior on the part of the agency decision-maker or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice." (cleaned up) (citations omitted)). Also, without examining an administrative record, Plaintiffs are not in a position to seek supplementation of the administrative record. *See Saleh v. Blinken*, 596 F. Supp. 3d 405, 413 (E.D.N.Y. 2022) (noting that a party seeking to supplement the administrative record must show "that materials exist that were actually considered by the agency decision-makers *but are not in the record as filed*" (emphasis added) (citations omitted)). "[I]n either case, the Court must be mindful that supplementation of the administrative record is the exception, not the rule." *Ali*, 2018 WL 2058152, at *4 (cleaned up).

Simply put, this case does not require discovery. Plaintiffs have not, and cannot, show otherwise. Thus, Defendants are entitled to a protective order quashing Plaintiff Wiley's written discovery requests, which were served prior to the filing of the Second Amended Complaint.

**B. Written discovery is inappropriate because the Court lacks subject matter jurisdiction in this case due to Plaintiffs' lack of standing, among other reasons, and the discovery sought is not based on any jurisdictional disputes.**

Where a defendant moves for dismissal of an action based on a lack of subject matter jurisdiction and challenges the truth of the jurisdictional allegations of the complaint, the "trial court may then go beyond the allegations of the complaint . . . [to] determine if there are facts to support the jurisdictional allegations . . . ." *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (cleaned up) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In that situation, discovery may be appropriate on the jurisdictional allegations only, unless "the jurisdictional facts are intertwined with the facts central to the merits of the dispute . . . ." *Id.* at 193 (quoting *Adams*, 697 F.2d at 1219). However, that is not the case here. If "the jurisdictional allegations are '. . . wholly unsubstantial,'" discovery even on jurisdictional facts is not appropriate. *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). If the challenge is "purely a legal question that can be readily resolved in the absence of discovery," as in this case, then discovery of any kind is unwarranted. *See 24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (quoting *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012)).

The rationale for this rule is that allowing discovery under such circumstances would undermine the very nature of a jurisdictional defense. Federal district courts are courts of limited jurisdiction and should not allow proceedings to take place until the party seeking to assert subject matter jurisdiction has established that such jurisdiction exists. Otherwise, the district court would be allowing proceedings to occur for which it has no authority to adjudicate. As a result, permitting discovery to proceed when the district court has no subject matter jurisdiction only serves to allow the parties to engage in needless discovery and incur litigation costs that will result in a waste of resources as the discovery will be, in effect, a nullity due to the lack of subject matter jurisdiction.

Further, Defendants have demonstrated that Plaintiffs do not have standing to pursue their APA claim. As demonstrated by Defendants' previously submitted evidence, which is incontrovertible, Plaintiffs' jurisdictional allegations regarding their standing—based on the Coal Workers Health Surveillance Program's ("CWHSP's") alleged failure to respond to their Part 90 applications and other submitted medical evidence—are wholly unsubstantial. Plaintiffs cannot use discovery to find another footing on which to bring their claims. The obligation is on Plaintiffs to have already specifically pleaded and asserted such a basis for jurisdiction when filing their complaint:

> We note that the plaintiff sought leave to undertake discovery in an effort to identify such a statute or rule. *Litigants, though, are not entitled to use pretrial discovery to find out if they have a cause of action. See Mills v. State of Maine*, 118 F.3d 37, 50–51 (1st Cir. 1997). Here, moreover, the information that the plaintiff sought was primarily a matter of public record. A decision whether to grant or deny discovery before deciding jurisdictional issues rests within the district court's wide discretion. *See Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000). We discern no abuse of that wide discretion with regard to the district court's denial of the plaintiff's request for discovery.

*Gordo-Gonzalez v. United States*, 873 F.3d 32, 37 n.3 (1st Cir. 2017) (emphasis added). Given the factual scenario in this case regarding Plaintiffs' Part 90 applications and the adjudication of those applications, there is no reasonable discovery that would unveil any facts or evidence necessary to support Plaintiffs' jurisdictional allegations. Additionally, those allegations are not intertwined with the merits of Plaintiffs' causes of action under the APA.

In summary, discovery and other proceedings in a civil action are generally not permitted until jurisdictional defenses are first considered and adjudicated by a federal district court. Discovery in APA proceedings, even in a limited form, is not permitted unless a plaintiff has made a significant showing for its need. Plaintiffs here have not done that. Plaintiffs cannot use discovery to go on a fishing expedition to find a basis for subject matter jurisdiction—they must have already

asserted the basis for subject matter jurisdiction in the complaint. Plaintiffs have not and cannot establish jurisdiction in this case. What remains for the Court's determination is purely a legal question. And as the Court recently stated, "economy and fairness to the parties will be better served in this case by saving a full analysis of any defenses for a fully briefed motion to dismiss, given that the Court has not yet addressed a motion to dismiss." (ECF No. 58 at 3 n.1.) Thus, the pending written discovery should be quashed.

**C. Even if discovery was appropriate in a case where the only causes of action are brought pursuant to the APA, Plaintiff Wiley's written discovery requests are premature.**

As provided by Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[3] Fed. R. Civ. P. 26(d)(1). As to Plaintiff Wiley's early requests for production of documents—given no stipulation or court order providing otherwise—those requests will be considered served when the parties conduct their Rule 26(f) conference as to the Second Amended Complaint.[4] *See* Fed. R. Civ. P. 26(d)(2)(B).

Here, Plaintiff Wiley emailed his discovery requests to counsel for Defendants on August 13, 2025. (ECF No. 57.) The next day, Plaintiffs' Second Amended Complaint was filed. (ECF Nos. 58, 59.) Defendants answered the Second Amended Complaint by filing their Motion to Dismiss on August 28, 2025. (ECF No. 63.) Even if this were not a case governed by the APA case

---

[3] Although APA cases are exempted from initial disclosures and the requirement to confer under Rule 26(f) pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i) and (f)(1), the Court previously set a scheduling order that required initial disclosures and a Rule 26(f) meeting, (*see* ECF No. 46). This argument is made on the assumption that the Court sets a similar schedule with respect to the Second Amended Complaint.

[4] Even if the service of written requests for production of documents were appropriate in this case, the Federal Rules of Civil Procedure provide that those requests may not be delivered until at least "21 days after the summons and complaint are served on a party." Fed. R. Civ. P. 26(d)(2)(A). Here, the Second Amended Complaint was filed on August 14, 2025. (ECF No. 59.) The requests for production of documents were sent to Defendants on August 13, 2025. (ECF No. 57.)

law and the parties were obligated to meet under Federal Rule of Civil Procedure 26(f), that meeting has not taken place. Therefore, under Rule 26(d)(1), Plaintiff Wiley's written discovery—again, which is premised on an obsolete pleading—is premature. For that reason and based on Plaintiffs' decision not to withdraw those requests or stipulate to a stay of Defendants' response deadline, a protective order is necessary.

**D. Even if discovery was appropriate in this APA case *and* timely, the outstanding discovery requests are not relevant or proportional to the needs of this case.**

Under Federal Rule of Civil Procedure 26, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).[5] "Rule 26(b)(1) does not exactly define relevancy, although information certainly is relevant if it logically relates to a party's claim or defense." *Reeves v. Wayne Cnty. Bd. of Educ.*, No. 3:20-cv-00423, 2020 WL 6688863, at *1 (S.D. W. Va. Nov. 12, 2020). Although the rule's "relevance inquiry does not, itself, pose a 'high bar,' its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Jonathan R. v. Justice*, No. 3:19-cv-00710, 2024 WL 559251, at *1 (S.D. W. Va. Feb. 12, 2024) (internal quotation marks omitted) (quoting *Ceresini v. Gonzales*, No. 3:21-CV-40 (GROH), 2022 WL 628520, at *3 (N.D. W. Va. Mar. 3, 2022)). In other words, "even if seeking relevant information, the discovery request must be proportional to the needs of the case." *Stephens v. Mgmt. FC, LLC*, No. 3:24-cv-00698, 2025 WL 1686462, at *2 (S.D. W. Va. June 16, 2025) (citing Fed. R. Civ. P. 26(b)(1)).

[5] As argued earlier, discovery is not appropriate in APA cases. However, Defendants are preserving their objections to Plaintiffs' discovery requests and denials of any requests for admission if the Court were to rule otherwise.

Here, much of the discovery sought is neither relevant nor proportional to the needs of this case. Specifically, any discovery requesting information unrelated to the Respiratory Health Division ("RHD") of the National Institute for Occupational Safety and Health ("NIOSH") is not relevant to the claims in this case. For example, many of the discovery requests seek information related to the NIOSH Mining Research Division, which encompasses employees in Pittsburgh, Pennsylvania, and Spokane, Washington. Those facilities are located outside this Court's jurisdiction (and the State in which this Court sits) and do not employ any RHD employees, which has been and remains the focus of Plaintiffs' claims in this case. Plaintiffs also seek detailed information about Defendants' budgetary expenses and plans for the upcoming Fiscal Year 2026 budget. Setting next fiscal year's budget is part of Congress' appropriations responsibilities, and seeking discovery on Defendants' anticipated appropriations or expenditures is wholly irrelevant in this case. To allow Plaintiffs to delve into subjects relevant to NIOSH facilities in other states that have nothing to do with the CWHSP or speculation about next year's budgetary spending would amount to a fishing expedition as Plaintiffs attempt to uncover activity related to a proposed, but not final, reorganization of the U.S. Department of Health and Human Services. Such information is irrelevant to the issues before this Court and is not proportional to the needs of this case.

**CONCLUSION**

For these reasons, Defendants are entitled to a protective order quashing the pending written discovery requests by Plaintiff Wiley.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By: **/s/ Matthew C. Lindsay**

Matthew C. Lindsay (W. Va. Bar No. 7896)
Assistant United States Attorneys
United States Attorney's Office
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Matthew.Lindsay@usdoj.gov
*Counsel for United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I electronically filed the foregoing **DEFENDANTS' MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Samuel B. Petsonk
PETSONK PLLC
P.O. Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, WV 25301
304-344-3144
Fax: 304-344-3145
Email: bren@msjlaw.org

J. Michael Becher (W.Va. Bar # 10588)
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org