IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**HARRY WILEY, and**
**MATTHEW WARD, individually**
**and on behalf of all others similarly situated,**

    Plaintiffs,

v.                                            Civil Action No. 2:25-cv-227

**ROBERT F. KENNEDY, JR., in his**
**official capacity as Secretary of Health**
**and Human Services, and**
**US DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES**

    Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO PROTECTIVE ORDER

### INTRODUCTION

In filing their motion for a protective order Defendants display an almost shocking level of hubris, ignoring nearly all of the developments in this case and the Court's prior Orders. Defendants act as if the Court has already granted their Second Motion to Dismiss and treat these proceedings as nothing more than an annoyance—despite the fact that they are currently subject to an injunction issued by the Court.

A Scheduling Order is in effect, which established the last date for the filing of discovery requests as August 13, 2025. [ECF Doc. # 46.] Accordingly, Plaintiffs served requests for answers to interrogatories, production of documents, and admissions on the 13th. [ECF Doc. # 57.] The close of discovery was established as September 26, 2025. Despite this filing, on the last day available, and the upcoming close of discovery date, Defendants have not only refused to answer

1

but have accused Plaintiffs of engaging in premature discovery. (Defs.' Mot. for Protective Order at 2, 8–9 [ECF Doc. # 69].)

Defendants position that discovery is inappropriate because this is a proceeding under the Administrative Procedure Act is in complete disregard for the Court's prior ruling in issuing the Scheduling Order. Defendants took the same position in the joint 26(f) Report, filed on June 16, 2025, and the Court rejected that position when it issued the Scheduling Order. (*Compare* Rpt. of Parties' Planning Meeting [ECF Doc. # 45] *with* Scheduling Order [ECF Doc. # 46].) Since the issuance of the Scheduling Order, Defendants have not made any motion to stay or alter it. Moreover, while asserting that this case should be decided solely on an administrative record, Defendants have failed to submit or even proffer a timeline for the submission of such record. Despite the Defendants' feelings about this matter, it is proceeding as a typical civil action–complete with rights to discovery–and that fact will not change unless and until the Court issues a new Scheduling Order.

Additionally, Defendants inappropriately proffer that they "have demonstrated that Plaintiffs do not have standing to pursue their APA claim." (Defs.' Mot. for Protective Order at 7.) This statement and several others expressing the same sentiment ignore the fact that the only findings of the Court on Plaintiffs' standing have been favorable to the Plaintiff. (*See* Mem Op. & Order at 14-17 (May 13, 2025) [ECF Doc. # 36]; Mem. Op. & Order at 2-3 (Aug. 14, 2025) [ECF No. 58].)

Defendants refuse to participate in the progress of this matter and continue to rely on previously rejected defenses to the detriment of Plaintiffs. Defendants' Motion for a Protective Order is not targeted to specific categories or requests, but seeks to eliminate Plaintiffs' right to discovery in its entirety. They refuse to disclose even a single document. Defendants' have taken

2

such a stance despite the imminent close of discovery and upcoming deadline for dispositive motions and have impeded upon Plaintiffs' ability to develop a Motion for Class Certification. Lastly, Defendants have made it exceedingly difficult for Plaintiffs to even determine whether Defendants are in compliance with the Court's Preliminary Injunction Order, issued on May 13th of this year. [ECF Doc. # 36.]

For all of these reasons, the Protective Order should be denied.

## ARGUMENT

As a general rule, protective orders "should be sparingly used and cautiously granted. *Roe v. Marshall U. Bd. of Governors,* 2024 WL 388412 at *3 (S.D. W. Va. Jan. 31, 2024). The "party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *Black v. West Virginia State Police,* 2023 WL 4834948 at *5 (S.D. W. Va. July 27, 2023) (citing *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010)). Here, Defendants' only effort to establish "good cause" is their unilateral belief that their pending motion to dismiss will be granted and their desire to avoid discovery in the normal course. That proffer is woefully insufficient for the sweeping prohibition on discovery that they seek.

**I.      The Court Already Determined that Discovery Should Take Place.**

Defendants' first argument in support of its motion for protective order is that the case is governed by the Administrative Procedure Act and therefore should be adjudicated based on an administrative record. These arguments are inappropriate at this stage of litigation and have already been rejected by the Court. While claiming Plaintiffs cannot make a showing of a need for discovery beyond the administrative record, Defendants' conveniently ignore the fact that

3

discovery closes on September 26th, dispositive motions are due on October 27th, and they have not made any proffer of documents or even a deadline for production of any administrative record.

Defendants' arguments regarding discovery under the Administrative Procedure Act are substantially similar to those they submitted in support of a case on the administrative record in the jointly submitted 26(f) Report and the relief they seek is identical. (*See* Rpt. of Parties' Planning Meeting at 2, ¶ 4.a. ("[Because this case falls under the APA] the Court should decline to authorize discovery in this case, and should instead set a briefing schedule for cross-motions for summary judgment and cross-replies.") (Ex. 1).). The Court rejected that position when it entered a Scheduling Order allowing Parties an opportunity for discovery. (*See* Scheduling Order [ECF Doc. # 46].)

"[A] scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded[.] *Johnson v. W. Va. Bd. of Governors*, 2023 WL 2486952 at *3 (S.D.W. Va. Feb. 13, 2023) (citing *Henley v. FMC Corp.*, 172 F.R.D. 193, 198 n.6 (S.D.W. Va. 1997)). "Rather a scheduling order is the critical path chosen by the Court and the parties to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action." *Id.* (cleaned up). Through their filing of this motion, Defendants seek to unilaterally upend the Court's scheduling order and chosen path for the resolution of this case. Notably, Defendants took this action not at the outset of discovery, but at its close, putting Plaintiffs in the difficult position of proceeding to the development of critical motions without the benefit of any documents from Defendants, aside from those they have themselves chosen to attach as exhibits to their motions.

While arguing that this case should be decided on an administrative record, Defendants have failed to proffer one. Defendants have attached certain self-selected documents to motions as

4

evidence in support of their position. This, however, is in no way equivalent to supplying a true administrative record. Such a record would include "the facts presented to the agency" and "the reasons given by the agency for taking the action." *Dow Agrosciences, LLC, v. Nat. Marine Fisheries Serv.,* 707 F.3d 462, 467–68 (4th Cir. 2013). "The whole administrative record includes pertinent but unfavorable information, and an agency may not exclude information on the ground that it did not 'rely' on that information in its final decision." *Tafas v. Dudas,* 530 F. Supp. 2d 786, 793 (E.D. Va. 2008) (collecting cases). Defendants have provided nothing of the sort in this case and are now attempting to prevent Plaintiffs from obtaining relevant information through discovery.

Defendants appear to view the grant of filing of the Second Amended Complaint as a rest of this matter. (*See*, *e.g.*, Mot. for Protective Order at 2 ("the Court recently reset the procedural posture of this case by granting Plaintiff Wiley's request for leave to amend his complaint and ordering the filing of the Second Amended Complaint.").) Plaintiffs, however, filed their amendment within the deadlines ordered by the Court and without a request for a modification of the schedule. While Defendants' refusal to participate meaningfully in this matter beyond the reassertion of jurisdictional arguments may very well necessitate a modification of the schedule— Plaintiffs' counsel are aware of no authority that the filing of an amended complaint within the specified deadlines *automatically* vacates the Court's Scheduling Order and resets a case to its beginning. Defendants have provided no authority for such position and made no motion for modification of the scheduling order.

**II.     Written Discovery is Appropriate Unless and Until the Court Grants Defendants' Motion to Dismiss.**

Defendants' second argument largely rests on their confidence in the success of their pending motion to dismiss. *See*, *e.g.*, Defs.' Mot. for Protective Order at 7 ("As demonstrated by

5

Defendants' previously submitted evidence, which is incontrovertible, Plaintiffs jurisdictional allegations regarding their standing . . . are wholly unsubstantial."). In making such an assertion, Defendants conveniently ignore that the Court already issued rulings on each of the jurisdictional challenges they have presented. (*See* Mem. Op. & Order at 17, 18, 22-23 [ECF Doc. # 36].) While Defendants place great weigh on their standing arguments—they have already conceded in their Reply to their own Motion to Dismiss that standing is determined at the time an action *commences.* (Defs.' Reply in Supp. of Defs.' Mot to Dismiss at 2 [ECF Doc. # 71].) They also concede that this Court already determined that one Plaintiff, Mr. Wiley, "is *likely to establish* that he has standing to pursue his claims" based on evidence supplied at the preliminary injunction hearing. (*Id.* at 2 (quoting Mem. Op. & Order at 16) (emphasis in original).)

Defendants proffer that the burden to establish standing for purposes of a motion to dismiss, though evaluated at the same time as the determination on a preliminary injunction, is somehow higher. That is not true. Indeed, it is lower:

> The evidentiary burden for establishing Article III standing for the purposes of a motion for a preliminary injunction is at least as onerous as the burden for establishing standing to secure a summary judgment. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011)). The burden for establishing standing at the dismissal stage is lower. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (to establish standing at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice").

*Do No Harm v. Pfizer Inc.,* 126 F.4th 109, 113–14 (2d Cir. 2025). While in the correct circumstances—notably at the outset of litigation—it may be appropriate to disallow discovery before resolving jurisdictional issues, it would be inappropriate here. Discovery has already commenced and the disallowance of discovery would largely be based on a Defendants' unilateral – albeit misplaced – confidence in their own motion.

### III.     Plaintiffs Service of Discovery Was Timely

Again, Defendants' argument relies on the unsupported assumption that Plaintiffs' filing of the Second Amended Complaint *automatically* reset all of the deadlines in this case. Again, Plaintiffs are unaware of any such authority, have proceeded to comply with the dates and deadlines in the current scheduling order, and intend to continue to do so unless and until a modified scheduling order is entered. If Defendants wish to reset or modify deadlines, Defendants should make a motion to the Court after conferring with Plaintiffs. That has not happened in advance of the filing of the Motion for Protective Order. Indeed, given Defendants' refusal to engage in discovery and the resulting delay, it may be necessary to modify upcoming deadlines. However, Plaintiffs are not convinced that any possible modification would require a full-scale reset of this case to its initial stages. Granting the requested protective order on the basis of Defendants' unsupported view of the posture of this case is not appropriate.

### IV.     Plaintiffs' Discovery Requests Are Limited to the Claims and Defenses Asserted in This Case.

Without pointing to any specific request as going beyond the bounds of proportionality in this case, Defendants generally argue that matters relating to the Mining Research Division and the agency's budget are outside the scope of this matter. That is simply wrong.

As to the Mining Research Division, such claims were properly and clearly added when the Court granted leave for Plaintiffs to file their Second Amended Complaint. Paragraphs 44 through 47 all include descriptions of research and approval functions of this division, including the following:

- Review and approval of devices for sampling of respirable dust, (Para. 44)
- Identification of toxic substances in response to requests, (Para. 45)
- Review and approval of devices for sampling of coal and silica dust (Para. 46)

7

- Research and support functions appurtenant to respirable dust research and device approval. (Para 47).

While Defendants may not like the inclusion of these claims, they are part of the case. There is no justification for preventing discovery on relevant issues.

As for the requests for discovery on the agency's budget, those requests relate directly to Defendants' illegal impoundment of funds. That claim has been part of this case since the filing of the First Amended Complaint on April 21, 2025. (*See* First Am. Compl. ¶¶ 25, 41–42 [ECF Doc. # 10].) They were included as well in the Second Amended Complaint. (Sec. Am. Compl. ¶¶ 43, 64–65 [ECF Doc. # 59].) Defendants, therefore, have not identified any justification for disallowing discovery related to their budget.

## CONCLUSION

For the reasons explained above, Plaintiffs respectfully request that the Court deny Defendants' motion for entry of a protective order.

**Respectfully Submitted,
HARRY WILEY and MATTHEW WARD, individually and on behalf of all others similarly situated,
By counsel:**

 */s/ Samuel B. Petsonk*
Samuel B. Petsonk (WVSB #12-418)
PETSONK PLLC
PO Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio (WVSB #7774)
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, West Virginia 25301

(304) 344-5565
(304) 344-3145 (fax)
bren@msjlaw.org

J. Michael Becher (WVSB # 10588)
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org

Case 2:25-cv-00227   Document 72   Filed 09/25/25   Page 9 of 9 PageID #: 1592