# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

Harry Wiley

v.                                          CASE NO. 2:25-cv-00227

ROBERT F. KENNEDY, JR., in his
official capacity as Secretary of Health
and Human Services, and
US DEPARTMENT OF HEALTH AND
HUMAN SERVICES

> *Guideline for parties and attorneys:*
> The parties are advised to use the *Worksheet for Report of Parties' Planning Meeting*
> (located on the Court's website at www.wvsd.uscourts.gov) and the suggested
> Guidelines contained in the form's comments.

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on June 9, 2025. Those participating were:

| | | | |
|---|---|---|---|
| Petsonk, Pomponio, Becher | for plaintiff(s) | | |
| Fred Westfall | for defendant(s) | Kennedy and DHHS | |
| | for defendant(s) | | |
| | for defendant(s) | | |

2. Pre-Discovery Initial Disclosures. The parties will exchange by 7/16/2025 the information required by Fed. R. Civ. P. 26(a)(1).

3. Plaintiff(s) should be allowed until 7/9/2025 to join additional parties and until 7/9/2025 to amend the pleadings. Defendant(s) should be allowed until 7/9/2025 to join additional parties and until 7/9/2025 to amend the pleadings.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan [Use separate paragraphs or subparagraphs as necessary if the parties disagree.]:

    a. Discovery will be needed on the following subjects:

        Plaintiff: Status of compliance with restoration of NIOSH coal offices including compliance with preliminary injunction order and budget proposal.

        Defendants: While the Defendants do not concede that the Administrative Procedure Act ("APA") provides jurisdiction in this case, the Court has ruled that the APA provides jurisdiction in this case for the Plaintiff's claims. The APA does not provide for discovery and limits judicial review to the administrative record already in existence. Accordingly, the Defendants do not believe that discovery is permitted or necessary in this case.

    b. The parties have reviewed Local Rule 26.5 and have discussed how the preservation, discovery, and disclosure of electronically stored information ("ESI") should be handled, including the following:

        i. It is likely that one or more parties will seek discovery of electronically stored information such as emails, files or documents stored on a server or computer, or other electronic documents.

        ☑ Yes      ☐ No

        **(If No, no other fields in Section 4.b need to be completed.)**

    The parties have generally agreed upon a format for production of ESI, as follows:

      According to the Federal and Local Rules of Civil Procedure

        ii. The parties believe it is possible that metadata may be relevant in this case, such as the date stamp when an electronic document was created or modified.

        ☑ Yes      ☐ No

    The parties have generally agreed upon a format for production of such metadata, as follows:

      Metadata will be provided upon specific request for such information.

iii. At this time, the parties have agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B).

☑ Yes ☐ No

If no, identify the nature of any dispute:

iv. Have the parties agreed on any search protocol for review of electronic data including methods to filter the data?

☑ Yes ☐ No

If yes, please describe:

Parties will meet and confer after serving requests to agree upon custodians and search terms.

If no, please identify what issues remain outstanding:

v. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe:

No.

3

      vi.    Other. Identify all other outstanding issues or disputes concerning ESI:

c.     The parties agree to file a joint motion for the entry of a protective order and to complete and submit with the motion the court's preferred Agreed Protective Order found online at www.wvsd.uscourts.gov.

    ☑ Yes      ☐ No

If no, please explain:

d.     The parties agree to file a joint motion for the entry of an Order Governing the Inadvertent Disclosure of Documents or Other Material and to complete and submit with the motion the court's preferred Agreed Order Governing the Inadvertent Disclosure of Documents or Other Material found online at www.wvsd.uscourts.gov.

    ☑ Yes      ☐ No

If no, please explain:

e.     The parties agree to file a joint motion for the entry of an Agreed Order Setting Deposition Protocol and to complete and submit with the motion the court's optional Order Setting Deposition Protocol available online at www.wvsd.uscourts.gov.

    ☑ Yes      ☐ No

f.     The last day to serve discovery requests is __8/13/2025__. The last date on which to take a discovery deposition is 45 days after the last date to serve discovery requests. The last date on which to take a discovery deposition is known as the

4

"discovery completion date." [Discovery on ____all issues____ to be completed by ____9/26/2025____.]

 g. The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

  ☑ Yes  ☐ No

  If the parties and attorneys believe that more discovery is needed, the basis for that belief is:

 h. The parties believe that this case requires additional judicial oversight such as special case management procedures or regularly held conferences.

  ☐ Yes  ☑ No

  If yes, please describe why the case requires additional judicial oversight and the type of oversight requested:

 i. Reports from retained experts under Rule 26(a)(2) due:

  By the party bearing the burden of proof on an issue: ____7/29/2025____.

  By the party not bearing the burden of proof on an issue: ____8/28/2025____.

  Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party: ____9/12/2025____.

5. Magistrate judges will resolve all discovery disputes. The parties __do not consent__ to have a United States Magistrate Judge conduct any further proceedings in this case, including trial, and order the entry of a final judgment.

6. Mediation shall take place on or before ____N/A____.

7. Potential dispositive motions shall be filed by ____10/26/2025____, with responses and replies filed according to the Local Rules.

5

8. The parties request a pretrial conference in ___January 2026___.

   The Plaintiff(s) shall submit a proposed pretrial order to Defendant(s) on or before ___12/19/2025___.

   The Defendant(s) shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before ___1/9/2026___.

9. Where applicable, proposed jury instructions shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before ___N/A___.

10. Where applicable, findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before ___1/23/2026___.

11. A final settlement conference will take place on ___2/2/2026___.

12. The case shall be ready for trial by ___2/3/2026___, and at this time is expected to take approximately ___2___ days.

The parties ___do request___ a conference with the court before the entry of the scheduling order.

---

s/ J. Michael Becher
*Signature*

Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
(304) 382-4798

*Counsel for:* Plaintiff

s/
*Signature*


*Counsel for:*

s/ Fred B. Westfall, Jr.
*Signature*

Office of the United States Attorney for
the Southern District of West Virginia
300 Virginia Street East, Room 4000
Charleston, WV 25301
(304) 345-2200

*Counsel for:* Defendants

s/
*Signature*


*Counsel for:*

6

# ATTACHMENT 1

## DEFENDANTS' SUPPLEMENTAL STATEMENT TO SECTION 4(a) OF THE REPORT OF PARTIES' PLANNING MEETING

Defendants: Plaintiff alleges that this case arises under the Administrative Procedure Act (APA), Am. Compl. ¶ 6, which authorizes courts to "set aside agency action" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or "contrary to constitutional right," *id.* § 706(2)(B). The Court has preliminarily granted relief on that basis, *See* Mem. Op. & Order at 17–18, ECF No. 36. Although Defendants maintain (consistent with their briefing to date) that plaintiff's claims are not reviewable under the APA, the Court has held otherwise; therefore, any potential discovery should be governed by the principles applicable in APA cases.

Cases under the APA are resolved on the basis of the administrative record compiled by the agency. *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (in APA cases, the "task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court"); *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (1993) (when "agency action is challenged" under the APA, the "entire case on review is a question of law, and only a question of law"). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Accordingly, discovery in APA cases is generally inappropriate, and they are exempt from Rule 26's ordinary requirement to confer and develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan). "Because claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record, such claims are properly decided on summary judgment." *Audubon Naturalist Society of The Central Atlantic States, Inc. v. U.S. Dept. of Transp.*, 524 F.Supp.2d 642, 660 (D.Md. 2007), citing *Citizens for the Scenic Severn River Bridge, Inc. v. Skinner,* 802 F.Supp. 1325, 1332 (D.Md.1991), *aff'd*, 1992 WL 180138, 1992 U.S.App. LEXIS 17466 (4th Cir. July 29, 1992); Wright and Miller, *Federal Practice and Procedure* § 2733 (2025).

For these reasons, the Defendants contend that the Court should decline to authorize discovery in this case, and should instead set a briefing schedule for cross-motions for summary judgment and cross-replies.