IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**HARRY WILEY,**
**MATTHEW WARD,** *individually*
*and on behalf of all others similarly*
*situated*,

**Plaintiffs,**

vs.                                                                                               Civil Action No. 2:25-cv-00227

**ROBERT F. KENNEDY, JR.,** *in his official capacity*
*as Secretary of Health and Human Services, and*
**U.S. DEPARTMENT OF**
**HEALTH AND HUMAN SERVICES,**

**Defendants.**

## ORDER

Pending before the Court are the ***Defendants' Motion for Protective Order*** filed on September 11, 2025 (ECF No. 69), and the ***Plaintiffs' Memorandum in Opposition to Protective Order*** (ECF No. 72) filed on September 25, 2025. For the reasons set forth *infra*, the undersigned hereby **DENIES** the ***Defendants' Motion*** (ECF No. 69).

The Defendants contend that that they should not have to respond to Plaintiff Wiley's written discovery requests for several reasons: (1) this action was brought under the Administrative Procedure Act ("APA"), in which such actions generally does not permit discovery; (2) there is a pending motion to dismiss the Defendants have filed, resting on standing and subject matter jurisdiction; (3) this Court reset the procedural posture in this case when it permitted the Plaintiffs to file their Second Amended Complaint; (4) due to the reset procedural posture of this case, discovery would be premature; and (5) the pending discovery is unrelated to the jurisdictional

challenges lodged by these Defendants, and is therefore not proportional to the needs of this case and irrelevant.

The Plaintiffs point out that the Scheduling Order provided a deadline for filing discovery requests by August 13, 2025, and the close of discovery was September 26, 2025. (See ECF No. 46) The Defendants have refused to respond, but have accused the Plaintiffs of engaging in premature discovery, but also have failed to move to modify or stay the Scheduling Order. Had the Court agreed with the Defendants' position that discovery is unwarranted in this case, as an APA action, then it would not have entered the Scheduling Order. Further, the Defendants argue that this case should be decided solely on an administrative record, which has not submitted nor proffered.

Under the circumstances presented here, the undersigned notes that the operative Scheduling Order remains in place, and therefore any argument as to the prematurity of the Plaintiffs' discovery requests lacks merit. Further, the undersigned is unimpressed that the Defendants argue that this particular case is to be decided solely upon the administrative record, but has yet to produce same to the Plaintiffs, and ostensibly refuses to do so because there are pending motions to dismiss for lack of standing/subject matter jurisdiction. The undersigned is aware of no situation where discovery is automatically stayed to the extent that there are pending motions to dismiss – the record does not demonstrate that the Scheduling Order has been stayed, or that discovery has been stayed, and significantly, there are no pending motions requesting same. Finally, the Defendants have not identified any prejudice that would befall them by submitting, at minimum, the administrative record in this case, and have therefore failed to establish "good

cause" for the issuance of a protective order. <u>Black v. West Virginia State Police</u>, 2023 WL 4834948, at *5 (S.D.W. Va. Jul. 27, 2023) (internal citations omitted).

Accordingly, the Defendants shall not only produce the administrative record to the Plaintiffs within ten (10) days of the date of this Order, but they shall also provide fulsome responses to Plaintiff Wiley's written discovery requests within ten (10) days of the date of this Order.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing objections to same within 14 days with District Judge Irene C. Berger. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is hereby directed to transmit a copy of this Order to counsel of record.

ENTER: September 30, 2025.



Omar J. Aboulhosn
United States Magistrate Judge