IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HARRY WILEY and
MATTHEW WARD, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.   Civil Action No. 2:25-cv-00227

ROBERT F. KENNEDY, JR., in his official
Capacity as Secretary of Health and Human
Services, and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendants.

## **OBJECTIONS TO MAGISTRATE JUDGE'S ORDER, ECF NO. 73**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rules of Civil Procedure and federal law, Defendants object to Magistrate Judge Aboulhosn's September 30, 2025, Order, ECF No. 73 (the "Order"), which requires Defendants to respond to discovery before Plaintiffs have reviewed the administrative record.

*First*, the Order does not explain how Plaintiffs met their burden of showing that discovery in this Administrative Procedure Act ("APA") case is proper. Because APA cases are decided on the basis of an administrative record, well-established precedent forecloses discovery beyond that record unless there is a strong showing of bad faith, bias, or improper behavior, or when the record is shown to be incomplete. Plaintiffs have not and never had made that showing in this case.

*Second*, the Order errs in asserting that the scheduling order previously decided this issue. It did not. After the parties submitted a Rule 26(f) report, the Court entered a scheduling order consistent with a scheduling order entered in non-APA civil cases. That, however, did not address

Defendants' position contained in Attachment 1 to the Rule 26(f) report that "the Court should decline to authorize discovery in this case," ECF No. 45 at 7–8; rather it set a schedule for discovery, assuming Plaintiffs could show discovery is proper.

*Third*, the Order fails to address the specific grounds raised by Defendants' most recent dispositive motion, filed after Plaintiffs amended their complaint a second time. That motion not only contends that Plaintiffs lack standing but identifies that this case is moot because Plaintiffs have obtained all of the relief that this Court could award.

Ultimately, the Order's reasoning leads to the conclusion that any individual (even one without standing) can file an APA suit and obtain discovery beyond the administrative record and into agency affairs, even after an agency acquiesces and provides the Plaintiff the relief sought. That should not stand.

## PROCEDURAL POSTURE

On April 7, 2025, Plaintiff Harry Wiley, on behalf of a class, filed an original complaint against Defendants. The original complaint alleges that Defendants violated the APA by closing the Respiratory Health Division of NIOSH in Morgantown, West Virginia. ECF No. 1 at ¶¶ 25-34.

Two weeks later, Plaintiff Wiley amended the Complaint and sought a preliminary injunction. ECF Nos. 7–7-10. Defendants opposed the motion on May 6, 2025. In their opposition, Defendants contended, among other arguments, that Plaintiff lacks Article III standing. *See* ECF No. 22 at 8-10. The Court's memorandum opinion concluded, however, that Plaintiff Wiley likely had standing to pursue his claims challenging the pause of the Coal Workers Health Surveillance Program because he "ha[d] no way to access the protections of Part 90 to limit the dust exposure that threatens his health and, ultimately, his life." ECF No. 36 at 16.

On June 15, 2025, the parties submitted a Rule 26(f) report. ECF No. 45. Relevant here, the parties briefly presented competing positions on the need for discovery in the case, *id.* at 2, and Defendants submitted a supplemental statement identifying supporting authority, *id.* at 8. The next day, the Court entered a scheduling order setting a deadline to amend pleadings by July 9, to serve discovery requests by August 13, and to complete discovery by September 4. ECF No. 46.

On July 9, 2025, Plaintiff Wiley sought leave to file a Second Amended Complaint, which included adding Plaintiff Ward. In the second sentence of their memorandum in support, Plaintiff Wiley represented that the Second Amended Complaint did not expand the matter beyond the scope of the transactions described in the existing APA complaint, which Plaintiff characterized as "the Defendants' cessation of their mandatory duties regarding coal miners' respiratory health under the Mine Act." ECF No. 48 at 1. The Court granted the motion on August 14, 2025, and entered the Second Amended Complaint the same day. ECF No. 58. The Court's order noted that "economy and fairness to the parties will be better served in this case by saving a full analysis of any defenses for a fully briefed motion to dismiss, given that the Court has not yet addressed a motion to dismiss." *Id.* at 3 n.1.

Defendants renewed their motion to dismiss on August 28, which reiterates why Plaintiffs lack standing and other threshold jurisdictional issues. *See* ECF No. 63, 66.

Plaintiff Wiley served written discovery requests on the last day to propound discovery, August 13, 2025. *See* ECF No. 57; Ex. 1 (discovery requests). Plaintiff's discovery requests enumerate 20 interrogatories (many of which are compound), 10 requests for production, and 9 requests for admission. Defendants promptly conferred with Plaintiffs about the scope and timing of their discovery, ECF No. 69 at 1 n.1, but the parties did not reach agreement.

3

Defendants then sought a Protective Order. ECF No. 69 (the "Motion"). Plaintiffs opposed the Motion. ECF No. 72. Importantly, the opposition makes no attempt to show why extra-record discovery is justified in this APA case; instead, it principally argues that the Court had already determined that discovery should take place because it previously entered a scheduling order setting deadlines for discovery.

Five days after Plaintiffs' opposition, and prior to the expiration of Defendants' reply deadline set by Local Rule of Civil Procedure 7.1(a)(7), the magistrate judge denied the Motion. ECF No. 73. The Order explains, because the Scheduling Order remains in place, "any argument as to the prematurity of Plaintiff's discovery requests lacks merit." *Id.* at 2. Further, it states, "[h]ad the Court agreed with the Defendants' position that discovery is unwarranted in this case, as an APA action, then it would not have entered the Scheduling Order." *Id.* It also notes that Defendants did not identify "any prejudice that would befall them by submitting, at minimum, the administrative record in this case, and have therefore failed to establish 'good cause' for the issuance of a protective order." *Id.* at 2–3.

## LEGAL STANDARD

**Standard of Review.** Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a). This Court reviews a non-dispositive discovery order for clear error. *See Kesner v. Asplundh Tree Expert, LLC*, No. 5:22-cv-00539, 2024 WL 3432235, at *3 (S.D. W. Va. July 16, 2024) (Berger, J.); *Lambert v. Nationwide Mut. Ins. Co.*, No. 5:16-cv-06160, 2017 WL 63025, at *2 (S.D. W. Va. Jan 5, 2017) (Berger, J.). On factual questions, a finding is "'clearly erroneous' where 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Kesner*,

4

2024 WL 3432235, at *3 (quoting *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)). For legal questions, "there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and a de novo standard." *Id.* (cleaned up).

**Discovery in APA Cases.** In *Department of Commerce v. New York*, 588 U.S. 752, 781 (2019), the Supreme Court stated the rule for discovery beyond an administrative record: because a reviewing court is "ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record," judicial inquiry into "executive motivation" represents "a substantial intrusion" into the workings of another branch of Government and should normally be avoided. *Id.* (cleaned up).

Thus, in APA cases, extra-record discovery is typically not permitted. On a "strong showing of bad faith or improper behavior," however, such an inquiry may be warranted. *Id.* In making this showing, Plaintiffs must produce "clear evidence" to overcome the presumption of regularity. *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 795 (E.D. Va. 2008).

APA cases are generally decided on an administrative record at summary judgment. *See, e.g.*, *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 660 (D. Md. 2007) ("Because claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record, such claims are properly decided on summary judgment." (citations omitted)). Consequently, "the focal point for judicial review [in an APA case] should be the administrative record *already in existence, not some new record made initially in the reviewing court*." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam) (emphasis added). *See also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985); *Sanitary Bd. of City of Charleston v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019). *Mountain State Univ., Inc. v. Higher*

5

*Learning Comm'n*, No. 5:14–16682, 2015 WL 5786803, at *3 (S.D. W. Va. Sept. 30, 2015) (discovery not generally available in APA cases).

## ARGUMENT

I.  **Because neither Plaintiffs nor the Order provided clear evidence justifying extra-record discovery, the Order is contrary to law.**

Although Defendants bear the burden of presenting "good cause" to protect against discovery, Fed. R. Civ. P. 26(a)(1), as the Supreme Court in *New York*, 588 U.S. at 781, and other courts have made clear, discovery into the inner workings of another branch of Government is a "substantial intrusion" and should "normally be avoided." *See, e.g.*, *Mayor & City Council of Balt. v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019). Thus, extra-record discovery in an APA case is presumptively burdensome, and there is inherently good cause to avoid such discovery.

If "a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). Thus, to warrant extra-record discovery, Plaintiffs must produce strong evidence that this case is an exception. *See also, e.g.*, *Com. Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (plaintiffs must make a "strong showing of bad faith or improper behavior" or that "the record is so bare that it prevents effective judicial review"). As noted above, Plaintiffs have never produced evidence of bad faith or an incomplete record.

Plaintiffs will likely say, as they did previously, that their discovery relates to new claims in the Second Amended Complaint about the Mining Research Divisions that exist independently of the Morgantown facility at issue in this case. *See* ECF No. 72 at 7 (arguing these "claims were properly and clearly added when the Court granted leave for Plaintiffs to file their Second Amended Complaint"). But when Plaintiffs moved for leave to file their Second Amended

6

Complaint, they argued that "[t]he Second Amended Complaint presents no new causes of action and *does not expand the matter beyond the scope of the transactions described in the existing complaint* . . . ." ECF No. 48 at 1. Having successfully argued this position to amend their complaint, they cannot flip positions to urge a flatly inconsistent position. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"). More important, the new claims—which also arise under the APA—still do not entitle Plaintiffs to extra-record discovery, absent a showing of bad faith or incompleteness. *See, e.g.*, *Mayor & City Council of Balt.*, 429 F. Supp. 3d at 137–38.

They may also say that Defendants have yet to produce an administrative record. But contrary to the Order's reasoning, that Defendants have yet to produce an administrative record is of no moment. At best, at this time, Plaintiffs' grievance entitles them to timely production of an administrative record, not discovery beyond the record.

*New York* is instructive. The *New York* plaintiffs requested both completion of the administrative record and extra-record discovery after a supplemental memo added new information into the administrative record. *See* 588 U.S. at 782. The district court granted both requests at a hearing. *Id.* The Supreme Court noted "that the District Court should not have ordered extra-record discovery when it did." *Id.* Rather, "at that time, the most that was warranted was the order to complete the administrative record." *Id.*

So too here. The Order clearly errs by crediting Plaintiffs' notion that because "Defendants have failed to proffer" an administrative record, they should get extra-record discovery. *See* ECF No. 72 at 4–5; ECF No. 73 at 2. As *New York* shows, that is wrong. Any extra-record discovery should come ***after*** production of the administrative record.

7

II. **The Court's Scheduling Order did not decide the issue of whether the requested discovery is proper in an APA case.**

Plaintiffs' position—seemingly adopted by the Order—is that the Court already determined the appropriateness of discovery in this case by issuing a general scheduling order. *See* ECF No. 73 at 2 ("[T]he undersigned notes that the operative Scheduling Order remains in place, and therefore any argument as to the prematurity of Plaintiffs' discovery requests lacks merit."). Not so. Scheduling orders set the *timing* and *deadlines* for discovery but do not speak to the substantive appropriateness of requested discovery, let alone whether that discovery is appropriate in an APA case. It may be, for example, that limited, relevant discovery is appropriate in this or some other APA case. But Plaintiffs still bear the burden to show that their discovery is proper in this APA case.

III. **The Order does not correctly evaluate Defendants' pending motion to dismiss.**

The Order correctly observes that the mere filing of a dispositive motion does not entitle the moving party to a stay of discovery. But Defendants never argued as much. Just as in some cases discovery should proceed with a pending motion to dismiss, it is equally true that in some cases it should not. "The context of each case bears upon whether to grant a stay of discovery," and "[n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Oakley v. Coast Pro., Inc.*, No. 1:21-00021, 2021 WL 3520539, at *1 (S.D. W. Va. Aug. 10, 2021).

Here, the Order errs by not making a particularized assessment of the circumstances of this APA case. Most important, it does not assess the nature of Defendants' jurisdictional defenses. Although Defendants renew the argument that Plaintiffs lack standing—an argument previously considered with the preliminary injunction—they now importantly identify other threshold issues

8

that the Court has yet to consider. Primarily, this case is moot. Plaintiffs have obtained all the relief this Court could award them, so there is no longer a case or controversy.

The Court expressly has yet to decide these dispositive issues, *see* ECF No. 58 at 3 n.1, which could dispose of this case. Courts routinely stay discovery under similar circumstances. *See, e.g.*, *Sheehan v. United States*, No. 5:11cv170, 2012 WL 1142709, at *2 (N.D.W. Va. Apr. 4, 2012) (staying discovery because government's motion presented purely legal matters relating to immunity and jurisdiction); *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan*, No. 21 C 50029, 2021 WL 7708963, at *2 (N.D. Ill. Oct. 4, 2021). ("Defendants posit legal arguments that may prove to be dispositive of the case – including standing. While the Court does not know whether Defendants' motion to dismiss will prove to be successful, the Court finds that discovery beyond the disclosure of the administrative record should be stayed pending the resolution of the motion.").[1]

Indeed, permitting Plaintiffs' discovery in this case before jurisdictional arguments are fully addressed would set bad precedent and could incentivize end-runs around Congress's long-established scheme for obtaining disclosure of government records, the Freedom of Information Act, 5 U.S.C. § 552, by filing lawsuits. Plaintiffs seek far-reaching disclosures related to internal agency affairs related to the HHS reorganization. Following the logic of Plaintiffs' strategy, scores of plaintiffs, even those without standing, could use litigation to obtain disclosures of the inner workings of an agency, even when there is no live case or controversy.

APA lawsuits do not deputize private parties to ferret around agency files for interesting information related to allegations. To the extent Plaintiffs get extra-record discovery, that should

---

[1] Courts also often stay the requirement to file an administrative record pending motions to dismiss if those motions can be decided without reference to the administrative record. *See, e.g.*, *Saxton v. Fed. Hous. Fin. Agency*, No. C15-0047, 2015 WL 10912052, at *2 (N.D. Iowa Oct. 2, 2015) ("Having thoroughly reviewed the file and the authorities cited by counsel, I conclude the Court should first consider Defendants' motions to dismiss.").

9

occur only after production of an administrative record and Defendants' threshold dismissal arguments are fully addressed, and should involve only what is necessary to adjudicate Plaintiffs APA claims.

## CONCLUSION

Based on the foregoing, Defendants respectfully object to the Order and request that this Court stay Plaintiff Wiley's written discovery requests served on August 13, 2025, ECF No. 57, pending the production of the administrative record and Defendants' pending motion to dismiss.

    Respectfully submitted,

    MOORE CAPITO
    United States Attorney

By: **/s/ Matthew C. Lindsay**
    Matthew C. Lindsay (W. Va. Bar No. 7896)
    Assistant United States Attorneys
    United States Attorney's Office
    300 Virginia Street, East
    Room 4000
    Charleston, WV  25301
    Telephone:  304-345-2200
    Fax: 304-347-5104
    Email: Matthew.Lindsay@usdoj.gov
    *Counsel for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2025, I electronically filed the foregoing **OBJECTIONS TO MAGISTRATE JUDGE'S ORDER, ECF NO. 73** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Samuel B. Petsonk
PETSONK PLLC
P.O. Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, WV 25301
304-344-3144
Fax: 304-344-3145
Email: bren@msjlaw.org

J. Michael Becher (W.Va. Bar # 10588)
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org