IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**HARRY WILEY and MATTHEW
WARD, individually and on behalf
of all others similarly situated,**

    Plaintiffs,

v.                                                                  Civil Action No. 2:25-cv-227

**ROBERT F. KENNEDY, JR., in his
official capacity as Secretary of Health
and Human Services, and
US DEPARTMENT OF HEALTH AND
HUMAN SERVICES**

    Defendants.

## **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

### INTRODUCTION

    For the reasons explained in the Magistrate Judge's Order, Defendant's Motion for a Protective Order was properly denied. First, as recognized by Magistrate Judge Aboulhosn, Defendants' argument that this case should be limited to the administrative record was already rejected by this Court. Defendants should not be permitted to unilaterally revise the Court's Scheduling Order after the discovery period has run in an effort to avoid their obligations. Second, Defendants' arguments relying on its Second Motion to Dismiss are misplaced. Again, as recognized by the Magistrate Judge, the filing of the motion to dismiss did not automatically pause discovery, and Defendants made no motion to revise the Scheduling Order to provide for a stay. Finally, even if it was not already decided by the Court, discovery outside the administrative record is proper in this case. Since the Magistrate Judge's Order denying a protective order, Defendants

submitted to Plaintiffs (although did not file) what they purpose as the administrative record. That record solely consists of communications between the Department and Messrs. Wiley and Ward, and Messrs. Wiley and Ward's medical records. The record contains not a single document concerning the agency action disputed in this case—the issuances of Reductions in Force, which indefinitely paused the NIOSH Respiratory Health Division.

Defendants have time and time again, relied on their position that this case is not properly before this Court. Those arguments were already rejected in this Court's issuance of a preliminary injunction order, [ECF Doc. # 36], and in its grant of Plaintiffs' request to file a Second Amended Complaint. [ECF Doc. # 58.] Despite these repeated rejections of the Defendants' position, Defendants continue to rely on their position as an excuse to avoid meaningfully participating in this case. Like Magistrate Judge Aboulhosn, the Court should reject these arguments, deny the protective order sought, and allow Plaintiffs' the opportunity to receive the discovery to which they are entitled to properly present their case.

## STANDARD OF REVIEW

Rule 72(a) of the *Federal Rules of Civil Procedure* provides the standard for objecting to a Magistrate Judge's non-dispositive orders: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

> Under this standard of review, '[t]his Court may not substitute its own conclusions for those of the magistrate judge, provided that there is any evidence to support the magistrate judge's finding, and that finding is reasonable.'

*DE Techs., Inc. v. Dell, Inc.*, No. 7:04CV00628, 2007 U.S. Dist. LEXIS 2769, at *3-4 (W.D. Va. Jan. 12, 2007) (quoting *Neighborhood Dev. Coal. v. Murphy*, 233 F.R.D. 436, 440 (S.D. Md. 2005).

# ARGUMENT

A. **This Court Already Rejected Defendants' Arguments that this Case Should be Limited to the Administrative Record**.

The appropriate time to argue that this case should be limited to the administrative record was during the development of the 26(f) Report and Discovery Plan. The Defendants exercised their right to make their argument at that time and presented it to the Court. [*See* ECF Doc. # 45 at Attach. 1 ("[Because this case falls under the APA] the Court should decline to authorize discovery in this case, and should instead set a briefing schedule for cross-motions for summary judgment and cross-replies.").] The Court rejected that position when it entered its Scheduling Order. [*See* ECF Doc. # 46.] Notably, Plaintiffs have an ongoing interest in obtaining NIOSH's medical screening services to monitor the progression of their disease. Those screening services are part of the agency's programmatic activities that do not relate in any way to the administrative record of their personal applications for Part 90. Accordingly, Plaintiffs require discovery outside the administrative record to determine whether those screening services are available again, as required by the preliminary injunction.

Contrary to the Defendants' assertions, the Scheduling Order does not condition discovery outside the administrative record on the Plaintiffs making a future motion or showing on the necessity of such discovery. Moreover, the Order requires other conditions, such as the making of disclosures and completion of depositions, that would be inapposite if the case were to be decided solely on the administrative record. [ECF Doc. # 46.] Finally, the Schedule does not provide any means for objecting to or otherwise contesting the completeness of the Administrative Records, as would be necessary if the case were so limited. As explained below, the record is not complete as it does not contain a single document related to the agency action in this case—the Reductions in

Force which effectively paused operations of the NIOSH Respiratory Health Divisions. [*See* Ex. 1 (Proffered Administrative Record).]

"[A] scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded[.] *Johnson v. W. Va. Bd. of Governors*, 2023 WL 2486952 at *3 (Feb. 13, 2023) (citing *Henley v. FMC Corp.,* 172 F.R.D. 193, 198 n.6 (S.D. W.Va. 1997)). "Rather a scheduling order is the critical path chosen by the Court and the parties to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action." *Id.* (cleaned up). Through their filing of this motion, Defendants seek to unilaterally upend the Court's scheduling order and chosen path for the resolution of this case.

**B.     The Defendants' Second Motion to Dismiss did not Suspend Discovery.**

Defendants' also argue that discovery should not be allowed based upon their filing of a Second Motion to Dismiss this action. They did not, however, make any motion along with their filing to suspend discovery. Nor have they provided any argument or rationale in support of their contention that discovery was automatically stayed or that Plaintiffs' requests for discovery were premature.

As explained in the initial opposition to the protective order, "The evidentiary burden for establishing Article III standing for the purposes of a motion for a preliminary injunction is at least as onerous as the burden for establishing standing to secure a summary judgment. *Do No Harm v. Pfizer Inc.,* 126 F.4th 109, 113–14 (2d Cir. 2025) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011)). "The burden for establishing standing at the dismissal stage is lower." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (to establish standing at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may

4

suffice")). Plaintiffs have already met this burden and made a showing that they are likely to be able to demonstrate standing.  (Mem. Op. & Order at 16 [ECF Doc. # 36].)

Plaintiffs recognize that a motion to dismiss is pending, but it has not yet been decided. They have already made a showing that they are likely to succeed on the merits of the disputed issue. If Defendants wished to pause discovery during the pendency of that motion the proper course would have been a motion to amend the Scheduling Order—but instead they decided to move for a sweeping protective order prohibiting all discovery. There is no basis on which to decide that discovery is not ongoing in this matter.[1]

C.     **Extra Record Evidence is Necessary and Appropriate in this Action.**

When Magistrate Judge Aboulhosn entered his order, no Administrative Record had been proffered by the Defendants. On Friday November 11, 2025, Defendants, though counsel, mailed a copy of the proposed administrative record, which Plaintiffs received just a few days before the filing of this Response. Plaintiffs have attached the materials designated by Defendants as that record as Exhibit 1 to this Response. A review of that record itself demonstrates the need for additional discovery.

As is evident from the Second Amended Complaint, this action contains two claims, both arising under the Administrative Procedure Act. (Sec. Am. Compl. at 14–17 [ECF Doc. # 59].) Even a cursory glance makes clear that the central issues involved are agency decisions to terminate staff at the NIOSH Respiratory Health Division. (*Id.* at ¶¶ 61-65.) A critical legal question presented to this Court is whether those decisions were "arbitrary, capricious, an abuse of

---

[1] Plaintiffs do recognize that this case was stayed in its entirety during the closure of the federal government. [*See* ECF Doc. # 76.] The Parties intend to propose a modified scheduling order to the Court for the resumption of proceedings. Plaintiffs do not believe, however, that the pause of discovery until after the resolution of the second motion to dismiss should be part of that schedule.

discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). The proffered administrative record, however, does not contain a single document relevant to the factual circumstances regarding the challenged agency actions, or relevant to the legal question regarding the nature of those actions. No Reductions in Force are included, nor any records made in support of the agency's decision. Instead, it is simply medical records and communications with Messrs. Wiley and Ward. (*See* Ex. 1.) Under such circumstances, where the government has refused to provide a record of its decision-making, extra-record evidence must be provided.

As Defendants stated in their own briefing, "[if] a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." (Objs. to Mag. J. Order, ECF No. 73 at 6 (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)) [ECF Doc. # 77].) As a corollary, the challenging party should also have such information. As it currently stands, Plaintiffs and the Court will both be left in the dark. Defendants have failed to provide any basis for their decision and have worked vigorously to keep such information from being disclosed. Such action is inconsistent with any form of fair litigation, and Defendants should not be allowed to obtain a Protective Order that would have such an effect.

## CONCLUSION

For all these reasons and any other appearing to the Court, Plaintiffs urge the Court to affirm the Order of the Magistrate Judge, [ECF Doc. # 73], and Order the Defendants to fully respond to the written discovery requests.

**Respectfully Submitted,**
**HARRY WILEY and MATTHEW WARD, individually and on behalf of all others similarly situated,**
**By counsel:**

  */s/ Bren J. Pomponio*
Bren J. Pomponio (WVSB #7774)
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, West Virginia 25301
(304) 344-5565
(304) 344-3145 (fax)
bren@msjlaw.org

Samuel B. Petsonk (WVSB #12-418)
PETSONK PLLC
PO Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

J. Michael Becher (W. Va. Bar # 10588)
APPALACHIAN MOUNTAIN ADVOCATES
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org