IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARRY WILEY, *individually and on behalf of all others similarly situated*,

            Plaintiff,

v.                                      CIVIL ACTION NO. 2:25-cv-00227

ROBERT F. KENNEDY JR., *in his official capacity as Secretary of Health and Human Services*, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendants' *Objections to Magistrate Judge's Order, ECF No. 73* (Document 77), the *Plaintiffs' Memorandum in Opposition to Defendants' Objections to Magistrate Judge's Order* (Document 82), and the Defendants' *Motion for Leave to File Reply* (Document 83) and attached *Reply in Support of Defendants' Objections to Magistrate Judge's Order, ECF No. 73* (Document 83-1). The Court grants the motion for leave to file and consider the reply brief.

Pursuant to an *Administrative Order* (Document 3) entered on April 9, 2025, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for, inter alia, discovery disputes. The *Defendants' Motion for Protective Order* (Document 69), asserting that discovery should not be permitted in this case, was referred to Judge Aboulhosn. He entered an *Order* (Document 73) on September 30, 2025, denying the protective order on the grounds that

the Defendants had identified no legitimate basis for failing to comply with the discovery deadlines contained in the Scheduling Order. The Defendants appeal that order.

The assignment of non-dispositive discovery matters to a magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Rule 72 stipulates that, when a party objects to a non-dispositive ruling by a magistrate judge, "[t]he district judge in the case must…modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. of Civ. P. 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S. D. W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the district court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548 (quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984)). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S. D. W.Va. January 28, 2014) (Chambers, C.J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S. D. W.Va. Apr. 19, 2013) (Chambers, C.J.).

Judge Aboulhosn found that the Court's Scheduling Order, by establishing discovery deadlines, reflected a finding that discovery beyond the administrative record was warranted. He noted that the Defendants had not provided even the administrative record. He further rejected the argument that discovery should not be permitted while a motion to dismiss, based in part on

an asserted lack of jurisdiction, remains pending or that the deadlines contained in the Scheduling Order were otherwise improper.

The Defendants contend that cases brought under the Administrative Procedure Act (APA) are decided based on the administrative record and additional discovery is permissible only if the Plaintiffs make "a strong showing of bad faith, bias, or improper behavior, or when the record is shown to be incomplete." (Obj. at 1) (Document 77.) They contend that inclusion of discovery deadlines in the Court's scheduling order did not decide the issue, and the Plaintiffs must still show discovery is proper. In addition, they contend that "[a]ny extra-record discovery should come *after* production of the administrative record." (*Id.* at 7.) They further contend that Judge Aboulhosn's order "fails to address the specific grounds raised by Defendants' most recent dispositive motion" which "contends that Plaintiffs lack standing" and that "this case is moot." (*Id.* at 2.) They urge the Court to stay the Plaintiffs' written discovery requests pending production of the administrative record and their motion to dismiss.

The Plaintiffs argue that the Court rejected the Defendants' proposed limitation on discovery when it entered a Scheduling Order with discovery deadlines despite the Defendants' arguments that the case should be limited to the administrative record. They further contend that the administrative record of their own Part 90 applications is insufficient to address the issues regarding the availability of screening services and programs raised by this case. In their view, "the record is not complete as it does not contain a single document related to the agency action in this case—the Reductions in Force which effectively paused operations of the NIOSH Respiratory Health Divisions." (Pls.' Resp. at 4) (Document 82.) The Plaintiffs oppose any stay of discovery based on the pending motion to dismiss, given that the Court already considered the asserted

3

jurisdictional defects and found the Plaintiffs likely to prevail at the preliminary injunction stage. The Plaintiffs indicate that they have now received the proposed administrative record, and it "does not contain a single document relevant to the factual circumstances regarding the challenged agency actions," but instead consists of "medical records and communications with Messrs. Wiley and Ward." (*Id.* at 6.)

The Plaintiffs in this case are miners with signs of black lung who wish to access a program within the Respiratory Health Division (RHD) of the National Institutes for Occupations Safety and Health (NIOSH) that screens miners for black lung and provides a Part 90 letter for those found to have black lung that permits the miner to invoke a right to transfer to a job with lower dust exposure. The suit was brought in response to the effective closure of the RHD after most employees received Reduction in Force (RIF) notices in April 2025 and were placed on administrative leave. During a hearing on the motion for a preliminary injunction, the Defendants introduced press releases announcing a broad restructuring of the Department of Health and Human Services (HHS), although those press releases did not specifically refer to the programs at issue. Those press releases were the only evidence introduced by the Defendants regarding restructuring plans. The Court granted a preliminary injunction, and the Defendants submitted a certification verifying that the RIFs in the RHD had been rescinded and the programs at issue were either fully restored or in the process of being restored, and indicating that, in accordance with the Court's order, the programs would continue through any reorganization.

In APA cases, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The Supreme Court has set forth a series of related propositions: "in

4

order to permit meaningful judicial review, an agency must disclose the basis of its action;" "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record;" "a court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons;" and "a narrow exception to the general rule against inquiring into the mental processes of administrative decisionmakers" exists upon a "strong showing of bad faith or improper behavior." *Dep't of Com. v. New York*, 588 U.S. 752, 780–81 (2019). In addition, "discovery beyond the record may be appropriate where the record is incomplete; where additional information would provide helpful context; where supplemental information would assist the court in determining whether the agency failed to consider relevant factors; and, where the record's integrity has been impugned." *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, 778 F. Supp. 3d 685, 716 (D. Md. 2025).

As an initial matter, the Court finds that Judge Aboulhosn's order was well reasoned and free of any clear error. The Court concurs in his rejection of any request for a stay of discovery pending resolution of the motion to dismiss. It is this Court's experience that such stays unnecessarily delay resolution, and there are no special factors in this case warranting such a stay. To the extent Judge Aboulhosn's order permitting discovery was premised on this Court's entry of a scheduling order that contained discovery deadlines, the Court finds that full consideration from this Court regarding the availability of discovery under the APA is appropriate.

There has been no indication that the decision to shut down NIOSH and the specific challenged programs followed standard administrative decision-making processes or that a typical administrative record explaining the decision(s) exists. For that reason, the Court entered a

5

scheduling order that contained discovery deadlines. As the Defendants have continued to challenge the Plaintiffs' requests for broader discovery, the Court will provide an additional opportunity for them to produce a responsive administrative record, after which the Plaintiffs will be permitted to apply to the Court for additional discovery if they find the administrative record to be inadequate.

The administrative record produced by the Defendants is not responsive to the central issue in the case. The Plaintiffs assert that the Defendants shut down programs they have used and intend to continue to use as miners exposed to coal dust who are at risk of, or have been diagnosed with, black lung. The Defendants produced records of the named Plaintiffs' interactions with NIOSH, but no records of any decision-making surrounding the employee RIFs, the asserted reorganization plan, or the future of the programs at issue. The sole evidence on the issue introduced by the Defendants at the preliminary injunction stage was a press release announcing a general plan to restructure HHS. The materials produced thus far are insufficient to "disclose the basis of [the agency's] action" and "permit meaningful judicial review." *Dep't of Com.*, 588 U.S. at 780. "The reasoned explanation requirement of administrative law, after all, is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public." *Id*. at 785. Thus far, the Defendants have produced *nothing* that provides any explanation for the challenged action(s).

Wherefore, after careful consideration, the Court **ORDERS** that the Defendants' *Motion for Leave to File Reply* (Document 83) be **GRANTED** and that the attached *Reply in Support of Defendants' Objections to Magistrate Judge's Order, ECF No. 73* (Document 83-1) be **FILED**. The Court further **ORDERS** that the Defendants' *Objections to Magistrate Judge's Order, ECF*

*No. 73* (Document 77) be **SUSTAINED in part**, and that the *Defendants' Motion for Protective Order* (Document 69) be **GRANTED** to the extent it seeks to preclude broader discovery prior to production of the administrative record and **DENIED** to the extent it seeks to stay production of the administrative record.  The Court **ORDERS** the Defendants to produce a responsive administrative record within **TEN (10) days** of entry of this Order.  Should the Plaintiffs contend that the administrative record remains incomplete or non-responsive, the Court **ORDERS** that they file a motion seeking additional discovery within **TEN (10) days** of receipt of the administrative record.

Finally, the Court **ORDERS** that the stay in this matter be lifted.  The Court **ORDERS** the parties to file a proposed revised schedule no later than **January 15, 2026**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 16, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7